**E-FILED**
Wednesday, 18 June, 2008  11:41:27 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, | ) ) | |
| Plaintiff, | ) | Case No. 08-CV-3074 |
| v. | ) ) | |
| CITY OF CARLINVILLE, ILLINOIS, CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION PURSUANT TO F.R.C.P. 56(F)

NOW COMES the Defendants, City of Carlinville, Illinois and the City of Carlinville Planning/Zoning Commission ("Defendants"), by and through their attorney, Elisha S. Rosenblum, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, request this honorable Court for a continuance of the motion for summary judgment filed by Plaintiff (or a denial without prejudice), and as grounds therefore, state as follows:

1.    The partial summary judgment motion filed by Plaintiff on April 18, 2008 (docket no. 14) involves claims (counts IV-V of the Complaint) under the RLUIPA statute, 42 U.S.C. 2000cc(a) (that the Defendants' land use restrictions place a substantial burden on the Plaintiff's religious exercise) and 42 U.S.C. 2000cc(b)(1) (that the Defendants' denial of the Plaintiff's rezoning petition constitutes treatment of religious assembly on unequal terms with non-religious assembly).  Plaintiff claims that the Defendants' decision to deny Plaintiff's petitioning for a rezoning classification (to permit the use of the subject commercial property as a church) violates this statute.  To succeed on this summary judgment motion, Plaintiff bears the burden of proving as a matter of law that the Defendants' denial of the zoning petition imposes a substantial burden on its religious exercise[1], and also that the Defendants' zoning ordinance treats religious assembly on unequal terms with non-religious assembly.  Attached to the pending summary

---

[1] In *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003), the court defined "substantial burden" in the zoning context as "one that necessarily bears direct, primary, and fundamental responsibility rendering religious exercise-including the use of real property for the purpose thereof within the regulated jurisdiction generally-effectively impracticable" and held that no substantial burden was present where the zoning regulations presented only "ordinary difficulties" that are present when any entity attempts to find a location for its business or venture.  The need for full and complete discovery regarding the factual underpinnings necessary to either meet or defeat this standard is obvious.

judgment motion (attachment no. 4) is the 26-paragraph affidavit of Tim Rhodus (so he obviously needs to be deposed regarding the many factual assertions set forth in his affidavit), as well as a document (attachment no. 2) containing 30 alleged undisputed material facts (of course, many of these facts are in dispute, but since no discovery has yet occurred in this case, the Defendants have not yet been able to discover the information necessary to contradict these factual assertions).  What is undisputed is that this case was only recently filed (on March 18, 2008), the parties have been engage solely in mediation efforts since the case was first filed, and no oral or written fact discovery has been conducted thus far in this litigation.

2.      Under Rule 56(f) of the Federal Rules of Civil Procedure, the parties must be afforded adequate time for general discovery before being required to respond to a summary judgment motion.  *Metropolitan Life Insurance Company v. Bancorp Services*, 2008 U.S.App.Lexis 11706, *15-16 (Fed.Cir. 2008)(citing cases)(summary judgment reversed and case remanded to the district court to allow reasonable discovery by the party opposing the motion); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996)(district court erred in refusing to allow plaintiff's counsel to develop the record on the defendants' summary judgment motion so that an informed decision on the existence of genuinely disputed facts or the lack of such facts would be possible).  The policy behind Rule 56(f) is straightforward: "Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion."  *Cunningham v. Posnet Services*, 2007 U.S.Dist.Lexis 46857, *22-24 (S.D.Ill. 2007)(summary judgment denied  and discovery allowed)(citing *Grayson v. O'Neil*, 308 F.3d 808, 815, 7th Cir. 2002).   Rule 56(f) motions are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.  *Hinojosa v. Johnson*, 2008 U.S.App.Lexis 9542, *12-22 (5th Cir. 2008)(district court abused its discretion in denying Rule 56(f) motion and case remanded for fair opportunity to conduct discovery).  District courts usually grant Rule 56(f) motions as a matter of course, and this is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party.  If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the summary judgment motion.  *Benjamin Doe v Abington Friends School*, 480 F3d 252, 257 (3d Cir. 2007)(court erred in relying on single affidavit by school official and granting summary judgment to school and its employees in

2

parents' ADA lawsuit because parents were entitled to motion for continuance under Fed. R. Civ. P. 56(f) for discovery on issue of school's religious exemption which was mixed question of law and fact, and parents should have been permitted to conduct discovery on any training in Quaker religion that faculty and staff received; religious make-up of students, faculty, and staff; how Quaker religion was represented in school's curriculum; school's ownership; and daily oversight of its operations, policy, finances, and curriculum). Courts should hesitate before denying Rule 56(f) motions when the opposing party is attempting to obtain necessary discovery of information possesses only by the opponent. *Willis v. Town of Marshall*, 426 F.3d 251, 264 (4th Cir. 2005)(district court abused its discretion in denying the Rule 56(f) motion).

3.      This request for **initial discovery** is made pursuant to Rule 56(f) of the Federal Rules of Civil Procedure on the grounds that the discovery is vital to Defendants' ability to adequately and sufficiently respond to Plaintiff's summary judgment motion (and to permit Defendants to file their own cross-motion for summary judgment on these claims). Plaintiff's summary judgment motion is premature in that Defendants have not yet had any opportunity to discover information vital to Defendants' opposition to the motion. Specifically, Defendants need a continuance in order to pursue discovery (written interrogatories, document production requests, depositions, and affidavits) with respect to the following areas (**this initial discovery is essential to the Defendants' opposition to the pending summary judgment motion**):

A.      To take the depositions of Tim Rhodus (who has previously submitted an affidavit in support of the summary judgment motion) and all the other members of the church (including but not limited to Plaintiff's building committee) who have relevant knowledge regarding the issues listed below. All of these individuals have relevant factual information regarding the issues listed below, including the pastor who submitted a fact-laden affidavit in support of the motion.

B.      To explore the conduct of the church from the time it first contracted to buy the subject property in 2005 until the church filed its zoning petition in December 2007, including but not limited to: (1) why the church purchased the building knowing full well that churches were not permitted in commercial districts; (2) why the church waited 2 years to contact the city regarding this matter; and (3) why the church waited 2 years after purchasing the building to file the subject zoning petition. Per the 7th Circuit's decision in *Petra v. Village of Northbrook*, 489 F.3d 846, 851 (7th Cir. 2007), the reasonable expectation of the church in securing a favorable zoning outcome at the time it purchased the subject property is a significant factor that is relevant to this type of claim. Documents regarding these issues need to be produced, and the church's building committee and the pastor need to be deposed regarding these issues. [2]

---

[2] "When there is plenty of land on which religious organizations can build churches (or, as is common nowadays, convert to churches buildings previously intended for some other use) in a community, the fact that they are not

C.    To explore whether or not the church conducted any investigation into purchasing other properties and/or building a new church at other locations either inside or outside the city limits of Carlinville where zoning restrictions would not have prohibited the church from doing so, and to explore the availability, practicalities, costs, expenses, etc., of such properties and/or locations.  Per the 7th Circuit's past decisions in *C.L.U.B. v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)(the use of real property in the City of Carlinville has to be rendered impracticable to satisfy the "substantial burden" test) and *Petra v. Village of Northbrook*, 489 F.3d 846, 851(7th Cir. 2007), Plaintiff needs to demonstrate that there are no other available locations in the City of Carlinville in order to succeed.  Defendants are certainly entitled to conduct discovery regarding this issue.  In fact, Plaintiff has pleaded in the Complaint (at paragraph 31) the entirely conclusory factual allegation that there are no other available locations in Carlinville for the new church.  Defendants are entitled to gather information to rebut this crucial assertion.  Documents regarding this issue need to be produced, and the church's building committee and the pastor need to be deposed regarding this issue.

D.    Furthermore, Plaintiff will argue that the 7th Circuit's standard for showing a substantial burden under RLUIPA was relaxed somewhat in *St. Constantine Helen Greek Orthodox Church, Inc. v. New Berlin*, 396 F.3d 895 (7th Cir 2005).  In that case, the court held that the defendant municipality had created a substantial burden by requiring a church to search around for other parcels of land rather than rezone property the church already owned.  The court concluded that the city had no legitimate concerns on which to base its denial of the rezoning, but that it nevertheless had swamped the church with a tide of "incompetent" red tape that the court excoriated as unjustified.  The court was concerned that the municipality had given the petitioner the bureaucratic run around, and that the standardless discretion its decisional process could mask a discriminatory motive.  *New Berlin*, 396 F.3d at 900-901.  Discovery is necessary regarding the issue of whether the behavior of the Defendants in this case is analogous to the behavior of the Defendants in the *New Berlin* case, including whether or not the Defendants' conduct in this case was arbitrary and capricious, and whether or not the zoning decision was supported by the evidence or simply pretextual. *St. Constantine Helen Greek Orthodox Church, Inc. v. New Berlin*, 396 F.3d 895 (7th Cir 2005)(when a city's conditional use permit procedure involved inconsistency, delay, and bad faith, the city's denial of the church's permit application was a substantial burden).

E.    To fully explore the church's position (as outlined in the purely factual allegations contained in paragraphs 8-11 of the Complaint) that the zoning decision of the Defendants places a substantial burden on its free exercise of religion rights because there is allegedly not enough space for worship and other programming at the church's current facility (this is the crux of the

---

permitted to build everywhere does not create a substantial burden. What is true is that, as in *Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin, supra*, once the organization has bought property reasonably expecting to obtain a permit, the denial of the permit may inflict a hardship on it. *Id.* at 898-900. In that case the denial was so utterly groundless as to create an inference of religious discrimination, so that the case could equally have been decided under the "less than equal terms" provision of RLUIPA, which does not require a showing of substantial burden. **But Petra had no reasonable expectation of obtaining a permit. Having decided to go ahead and purchase the property outright after it knew that the permit would be denied, Petra assumed the risk of having to sell the property and find an alternative site for its church should the denial be upheld (or, if illegal, legally reimposed), just like any other religious organization that wanted to build in the industrial zone**." (emphasis added)

"substantial burden" claim, and it would be tremendously unfair and prejudicial to deny the Defendants the right to fully investigate and rebut this factual claim).

4.      This motion is by no means a request by the Defendants to undertake a fishing expedition.  The issues in this case are complex, both legally and factually, and the information sought by the Defendants through the discovery process will demonstrate the existence of genuine issues of material fact in order to defeat the pending summary judgment motion and are also necessary to establish undisputed facts entitling Defendants to summary judgment on these claims.  Moreover, most if not all of the information necessary to respond to the summary judgment motion is contained solely within Plaintiff's possession, whether it is documents in the church's possession or information that can be accessed only from deposing the members of the church's building committee and pastor.  Additionally, the lack of discovery to this point in time is not the result of any lack of diligence by the Defendants.  On the contrary, the Defendants should be commended for immediately moving to have this case mediated and resolved by way of settlement (unfortunately the mediation did not result in a settlement and the litigation of this case must now start in earnest).  Finally, this request is not made for purposes of delay, will not prejudice any party herein, and will serve only to further the interests of justice.

5.      Accordingly, Defendants respectfully request that the Court grant them a continuance of time of 180 days in which to conduct discovery and then an additional 35 days to file a response to the summary judgment motion after this fact discovery is completed.

6.      Defendants also want to make clear for the Court that the pending summary judgment motion relates only to two of the eight claims contained in Plaintiff's Complaint.  Discovery is needed on all counts of the Complaint, but since Plaintiff has only moved for summary judgment on two of the counts, Defendants have requested discovery on these two counts now in order to properly respond to the motion.  However, Defendants are not waiving their right to fact and expert discovery on all of the other counts of the Complaint, nor are Defendants waiving their rights to conduct discovery on all issues related to the alleged damages in this case.  The optimal situation would be for the Court to hold a case management conference and set a regular discovery schedule for the entire case, with deadlines included for Rule 26 initial disclosures, written fact discovery, oral fact discovery, expert discovery, dispositive motions, the final pre-trial order, and a trial date.  The fact that Plaintiff has inexplicably filed a summary judgment motion this early in the case, and prior to even a scintilla of discovery taking place, should not

force the Court to deviate from its normal practice in the case management of cases pending before it.

**CITY OF CARLINVILLE**
**CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION**

By:   s/Elisha S. Rosenblum
       Elisha S. Rosenblum, #6225957
       O'Halloran Kosoff Geitner & Cook, LLC.
       650 Dundee Road, Suite 475
       Northbrook, IL 60062
       Telephone:  (847) 291-0200
       Facsimile:  (847) 291-9230
       E-mail:  esrosenblum@okgc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the attached document has been filed via the Court's CM/ECF system and served in accordance with CDIL - LR 5.3, upon all filing users as defined in Fed.R.Civ.P.5(b)(2)(D).  The "Notice of Electronic Filing" generated by the Court's Electronic Case Filing System shall constitute service of that document on any person who is a registered participant in that Electronic Filing System.

Daniel P. Dalton
Tomkiw Dalton, PLC
321 Williams Street
Royal Oak, MI  48067

David A. Herman
David O. Edwards
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capital Plaza, Suite 600
Springfield, Illinois 62701

**CITY OF CARLINVILLE**
**CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION**

By:   s/Elisha S. Rosenblum
       Elisha S. Rosenblum, #6225957
       O'Halloran Kosoff Geitner & Cook, LLC.
       650 Dundee Road, Suite 475
       Northbrook, IL 60062
       Telephone:  (847) 291-0200
       Facsimile:  (847) 291-9230
       E-mail:  esrosenblum@okgc.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST    )
CHURCH,    )
                Plaintiff,    )    Case No. 08-CV-3074
    )
v.    )
    )
CITY OF CARLINVILLE, ILLINOIS, CITY    )
OF CARLINVILLE PLANNING/ZONING    )
COMMISSION,    )
                Defendants.    )

## AFFIDAVIT OF ELISHA S. ROSENBLUM

1. Elisha S. Rosenblum, first being duly sworn on oath, states as follows:

2. I am the attorney representing the Defendants in this litigation.

3. The Plaintiff in this case has filed a summary judgment motion with respect the Counts IV-V of the Complaint. No discovery has thus far occurred. Prior to responding to the summary judgment motion, and in order to diligently and adequately respond to the summary judgment motion, the Defendants need to pursue written and oral fact discovery with respect to the areas outlined in the attached motion (paragraph 3) and in the affidavits of Doug Downey and Mayor Robert Schwab.

4. This motion is brought in good faith, and is not made for purposes of delay or prejudice.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Elisha S. Rosenblum

SUBSCRIBED AND SWORN TO
this 18th day of June, 2008.

_____
Notary Public

OFFICIAL SEAL
KATHLEEN L. DORSEY
Notary Public - State of Illinois
My Commission Expires Dec 05, 2010

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST ) 
CHURCH, )
                       Plaintiff, )        Case No. 08-CV-3074
)
v. )
)
CITY OF CARLINVILLE, ILLINOIS, CITY )
OF CARLINVILLE PLANNING/ZONING )
COMMISSION, )
                  Defendants. )

## AFFIDAVIT OF ROBERT SCHWAB

1. Robert Schwab, first being duly sworn on oath, states as follows:
2. I am the Mayor of the City of Carlinville, a Defendant in this litigation.
3. I am aware that the Plaintiff in this case has filed a summary judgment motion with respect the Counts IV-V of the Complaint.
4. No discovery has thus far occurred. Prior to responding to the summary judgment motion, and in order to adequately respond to the summary judgment motion, this Defendant needs to pursue discovery with respect to the following areas:

    A.    To take the depositions of Tim Rhodus (who has previously submitted an affidavit in support of the summary judgment motion) and all the other members of the church (including but not limited to Plaintiff's building committee) who have relevant knowledge regarding the issues listed below. All of these individuals have relevant factual information regarding the issues listed below, including the pastor who submitted a fact-laden affidavit in support of the motion;

    B.    To explore the conduct of the church from the time it first contracted to buy the subject property in 2005 until the church filed its zoning petition in December 2007, including but not limited to: (1) why the church purchased the building knowing full well that churches were not permitted in commercial districts; (2) why the church waited 2 years to contact the city regarding this matter; and (3) why the church waited 2 years after purchasing the building to file the subject zoning petition. Documents regarding these issues need to be produced, and the church's building committee and the pastor need to be deposed regarding these issues;

    C.    To explore whether or not the church conducted any investigation into purchasing other properties and/or building a new church at other locations either inside or outside the city limits of Carlinville where zoning restrictions would not have prohibited the church from doing so, and to explore the availability, practicalities, costs, expenses, etc., of such properties and/or locations. Documents regarding this issue need to be produced, and the church's building committee and the pastor need to be deposed regarding this issue. Discovery is also necessary regarding the issue of whether the behavior of the Defendants in this case is analogous to the behavior of the Defendants in the *New Berlin* case, including whether or not the Defendants' conduct in this case was arbitrary and capricious, and whether or not the zoning decision was supported by the evidence or simply pretextual; and

    D.    To fully explore the church's position (as outlined in the purely factual allegations contained in paragraphs 8-11 of the Complaint) that the zoning decision of the Defendants places a substantial burden on its free exercise of religion rights because there is allegedly not enough space for worship and other programming at the church's current facility (this is the crux of the "substantial burden" claim, and it would be tremendously unfair and prejudicial to deny the Defendants the right to fully investigate and rebut this factual claim).

**FURTHER AFFIANT SAYETH NAUGHT.**

                                                  Robert Schwab

SUBSCRIBED AND SWORN TO
this 18th day of June, 2008.

Notary Public

NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS
VICKI HEBRON
MY COMMISSION EXPIRES
APRIL 20, 2012

1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

CARLINVILLE SOUTHERN BAPTIST )
CHURCH, )
             Plaintiff, )
              )    Case No. 08-CV-3074
v. )
              )
CITY OF CARLINVILLE, ILLINOIS, CITY )
OF CARLINVILLE PLANNING/ZONING )
COMMISSION, )
             Defendants. )

### AFFIDAVIT OF DOUG DOWNEY

1. Doug Downey, first being duly sworn on oath, states as follows:
2. I am the Chairman of the City of Carlinville Planning/Zoning Commission, a Defendant in this litigation.
3. I am aware that the Plaintiff in this case has filed a summary judgment motion with respect the Counts IV-V of the Complaint.
4. No discovery has thus far occurred. Prior to responding to the summary judgment motion, and in order to adequately respond to the summary judgment motion, this Defendant needs to pursue discovery with respect to the following areas:

A. To take the depositions of Tim Rhodus (who has previously submitted an affidavit in support of the summary judgment motion) and all the other members of the church (including but not limited to Plaintiff's building committee) who have relevant knowledge regarding the issues listed below. All of these individuals have relevant factual information regarding the issues listed below, including the pastor who submitted a fact-laden affidavit in support of the motion;

B. To explore the conduct of the church from the time it first contracted to buy the subject property in 2005 until the church filed its zoning petition in December 2007, including but not limited to: (1) why the church purchased the building knowing full well that churches were not permitted in commercial districts; (2) why the church waited 2 years to contact the city regarding this matter; and (3) why the church waited 2 years after purchasing the building to file the subject zoning petition. Documents regarding these issues need to be produced, and the church's building committee and the pastor need to be deposed regarding these issues;

C. To explore whether or not the church conducted any investigation into purchasing other properties and/or building a new church at other locations either inside or outside the city limits of Carlinville where zoning restrictions would not have prohibited the church from doing so, and to explore the availability, practicalities, costs, expenses, etc., of such properties and/or locations. Documents regarding this issue need to be produced, and the church's building committee and the pastor need to be deposed regarding this issue. Discovery is also necessary regarding the issue of whether the behavior of the Defendants in this case is analogous to the behavior of the Defendants in the *New Berlin* case, including whether or not the Defendants' conduct in this case was arbitrary and capricious, and whether or not the zoning decision was supported by the evidence or simply pretextual; and

D. To fully explore the church's position that the zoning decision imposes a substantial burden on its free exercise of religion rights because there is allegedly not enough space for worship and other programming at the church's current facility (this is the crux of the "substantial burden" claim, and it would be tremendously unfair and prejudicial to deny the Defendants the right to fully investigate and rebut this factual claim).

**FURTHER AFFIANT SAYETH NAUGHT.**

Doug Downey

SUBSCRIBED AND SWORN TO
this 18th day of June, 2008.

Notary Public

OFFICIAL SEAL
DENA BOSTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 3-28-11