UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

Hon. Jeanne E. Scott
Magistrate Judge Charles H. Evans
Case No. 3:08-cv-3074

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## PLAINTIFF'S MOTION TO ADVANCE AND CONSOLIDATE THE TRIAL ON THE MERITS WITH THE HEARING ON THE PRELIMINARY INJUNCTION WITH INCORPORATED MEMORANDUM

Plaintiff moves, in accordance with Rule 65(a)(2) of the Federal Rules of Civil

Procedure, to advance the trial on the merits and consolidate it with the hearing on the

preliminary injunction. In support of this Motion, Plaintiff relies on the attached Brief and Rule 65(a)(2).

**Respectfully Submitted,
Carlinville Southern Baptist Church, Plaintiff**

By: /s/Daniel P. Dalton
One of its Attorneys

Lead Counsel
Daniel P. Dalton
**TOMKIW DALTON, plc**
Attorney for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
ddalton@tomkiwdalton.com

Local Counsel
David A. Herman (6211060)
David O. Edwards (6229192)
GIFFIN, WINNING, COHEN & BODEWES P.C.
Attorneys for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois  62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidedwards@giffinwinning.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

                                      Hon. Jeanne E. Scott
                                      Magistrate Judge Charles H. Evans
                                      Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS
MOTION TO ADVANCE AND CONSOLIDATE THE TRIAL ON THE MERITS
WITH THE HEARING ON THE PRELIMINARY INJUNCTION WITH
INCORPORATED MEMORANDUM**

Plaintiff moves, in accordance with Rule 65(a)(2) of the Federal Rules of Civil

Procedure, to advance the trial on the merits and consolidate it with the hearing on the

1

preliminary injunction. This motion is based on the grounds that all or a substantial part of the evidence to be offered at such hearing is relevant to the trial on the merits, that consolidation is necessary to avoid repetition of evidence at the trial and that the nature of the issues involved require that final determination be expedited. Further events and issues since the filing of the Motion for Preliminary Injunction which support the need for immediate relief in order to avoid injustice are identified below.

**STATEMENT OF THE CASE**

1. Plaintiff incorporates the Statement of Facts in the Brief in Support of the Motion for Preliminary Injunction.

2. Since the filing of the complaint on March 18, 2008, the Defendants has engaged in a series of attempts to delay and expense Carlinville Southern Baptist Church. Defendants' bad faith has precluded the Church from operating its facilities and driven it to the brink of insolvency. The Defendants, knowing full well the extent of the Church's financial problems caused by the City's tactics, continue to delay the proceedings. Any further delay would result in great injustice as the Church would be unable to continue to challenge the Defendants' illegal and arbitrary decisions.

3. On March 18, 2008, the Church filed a complaint with the Court alleging violations of the Religious Land Use and Institutionalized Persons Act and both the Federal and Illinois Constitutions. Despite the Defendants being served the next day, they did not promptly file a response. Instead, Defendants filed a motion on April 7, 2008—the day before their answer was due—for an extension of time to file an answer or otherwise plead. Because the Defendants represented

to the Church that Defendants wished to settle, the Church did not object to the extension and the Court extended the due date to May 9, 2008.

4. On May 9, 2008, Defendants had not yet filed an Answer. Again, Defendants represented to the Church that the Defendants were willing to negotiate towards a settlement. Relying on the Defendant's representations, the Church agreed and both parties informed the Court that they were willing to mediate.

5. On June 5, 2008, during mediation, the Mayor and City Council of Carlinville negotiated a settlement with the Church. The same day, the City Council approved the settlement. Eli Rosenblum, the special attorney appointed by the City's insurer to represent the City and participate in the mediation, advised the City to accept the settlement.[1] Despite negotiating the settlement himself, the City Council's approval and the City attorney's recommendation, the Mayor vetoed the settlement. The Mayor said, "When the City Council voted to deny [the Church's] rezoning request, 10-0 [in February, 2008], I told the council that I agreed with their decision. I still agree with that decision. I have not changed my mind on this …."[2] This Court, upon being notified of the failure to settle, ordered the City to answer the Motion for Summary Judgment by June 19, 2008.

6. On June 16, 2008, in an attempt to override the Mayor's veto, the City Council held a meeting. Although the Council voted 5-4 to override the veto, there were insufficient votes to reach the required two-thirds. As a result, Carlinville alderman Lea Hudson resigned after the failure, stating that "The fact that the

---

[1] Dave Ambrose, *Council Fails to Override Mayor's Veto*, South County News, June 20, 2008 (attached as the sole exhibit).
[2] *Id.*

3

Mayor has backed out at this point is a show of bad faith and it reflects poorly on all of us. It distresses me."[3]

7. On June 19, 2008, the Defendants neither answered the complaint nor the motion for summary judgment. Instead, the Defendants filed for another extension. The Church's financial hardships continue to grow as a result of Defendant's delays.

## ARGUMENT AND AUTHORITIES

### I.  Rule 65(a)(2)

Rule 65(a) of the Federal Rules of Civil Procedure states in pertinent part:

> (2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible on the trial on the merits becomes part of the record on the trial and need not be repeated upon trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

It long has been recognized that an accelerated trial on the merits often is appropriate when a preliminary injunction has been requested.[4] Subdivision (a)(2) provides express authority for consolidating the hearing of the application for preliminary injunction with the trial on the merits; the decision is within a district court's discretion. *American Train Dispatchers Dept't of the Int'l Bhd. of Locomotive Eng'rs v. Fort Smith R.R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997). The authority can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on

---

[3] *Id.*
[4] 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2950 (2008).

4

the trial proper.[5] Consolidation also may obviate the need to decide whether a preliminary injunction is necessary, since it often will be possible to reach a final judgment before irreparable harm is sustained by plaintiff. Repetition of evidence is thereby avoided. If relief under Rule 65(a) is denied, a quick disposition of the merits shortens the period in which plaintiff may be threatened by irreparable harm.[6] The urgency that is characteristic of cases involving preliminary injunction applications makes a rapid determination of the merits especially important.[7] Further, to consolidate the proceedings will tend to expedite the final disposition of the action thus advancing the interests of the parties and the interests of judicial economy. Doubt as to the propriety of consolidation will be minimized if the trial court gives the parties advance notice of the proposed action.[8]

The present case offers an opportunity to consolidate the trial on the merits with the hearing on the preliminary injunction not yet scheduled. Because the salient issues before the Court are legal rather than factual in nature, there appears to be little, if anything to be gained from a subsequent trial. The present case thus not only qualifies for consolidation, but to do so will relieve the parties of unnecessary costs in litigation expenses and will lead to expedited resolution of all issues. In the interests of judicial economy and the avoidance of repetitive evidence, proceedings, motions and opinions by the Court, Plaintiff requests that the trial on the merits be advanced and consolidated with the hearing on the preliminary injunction thereby disposing of all relevant issues in a single proceeding.

## II.    RLUIPA

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

Paramount to the motion to advance the trial and consolidate it with the hearing on the preliminary injunction is that the nature of the issues involved requires that final determination be expedited. The Church's financial position—damaged by the misrepresentations of the Defendants—is tenuous at best. By allowing the Defendants to continue to substantially burden the Church's religious exercise by delay, uncertainty and expense not only violates the Religious Land Use and Institutionalized Persons Act but also causes irreparable harm from which the Church may not recover. This urgency makes a rapid determination of the merits especially important.

The Religious Land Use and Institutionalized Persons Act, 42 U.S.C § 2000cc, states in pertinent part:

(a) Substantial Burdens
(1) General Rule

No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly or institution—

(A) is in furtherance of a compelling governmental interest; and
(B) is the least restrictive means of furthering that compelling governmental interest.

The 7th Circuit has held that "delay, uncertainty, and expense" gives rise to a substantial burden. *Sts. Constantine and Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895, 901 (7th Cir. 2005). In *Sts. Constantine and Helen Greek Orthodox Church, Inc.*, a church bought a tract of land in the City of New Berlin. In 2002, in order to build a church, the Church applied to the City for permission to rezone part of the land from residential to institutional. The City Council denied the application and the Church filed suit. The mayor of New Berlin suggested alternatives to litigation to the Church:

6

apply for a conditional use permit or planned unit development. Judge Posner in the Court of Appeals found the City's denial a substantial burden on the Church's religious exercise. In his reasoning, Judge Posner explained that "It seemed obvious that the mayor, unless deeply confused about the law, was playing a delaying game." *Sts. Constantine and Helen Greek Orthodox Church*, 396 F.3d at 899. This Court concluded that "The Church could have searched around for other parcels of land…or it could have continued filing applications with the City, but in either case there would have been delay, uncertainty, and expense. That the burden would not be insuperable would not make it insubstantial." *Id.* at 901.

(a) **Delay**

In the instant case, the Defendants have purposely misled the Church in an attempt to extend the proceedings and deceive the Church, ultimately creating additional expenses. Since the filing of the Church's complaint on March 18, 2008, the Defendants have not answered any filings. The day before their answer to the complaint was due, Defendants filed for an extension. Even after the Defendants' first extension was granted, no answer was filed. The Defendants, on the day of their extended deadline to file an answer, told the Church they were willing to settle. The Church, genuinely believing the Defendants' sincerity and unaware that the Mayor "[had] not changed [his] mind"[9] on the decision to deny the rezoning request, agreed to mediate. The Defendants continued through negotiation to delay any further legal action and ultimately vetoed the settlement. In response, this Court ordered the City to answer the Motion for Summary judgment by June 19, 2008. Again, the Defendants did not file an answer; instead, the Defendants filed for another extension the day before their answer was due.

---

[9] *Id.*

7

### (b) Uncertainty

Throughout and as a result of the delays, the Church has experienced uncertainty towards its dealings with the Defendants. Because the Defendants and especially the Mayor have concerted in "bad faith,"[10] the Church can no longer act reliably on the Defendants' representations. The Church could pursue other settlement arrangements proposed by the Defendants or other possible locations in Carlinville, but in either case there would be additional uncertainty. Defendant's misrepresentations and bad faith negotiations have given rise to suspicion and distrust between the parties that has forced the Church to aggressively continue legal proceedings.

### (c) Expense

The delays and uncertainty have greatly increased the Church's expenses. Defendants' ploy to delay the proceedings by engaging in settlement talks has greatly increased the Church's legal fees. As a result of the negotiations and assurances—many of which the Mayor was present—the Church ordered supplies to operate as a church. For over 4 months, during which the Defendants still have not answered the complaint, the Church has paid the utilities and costs associated with the large parcel of land. Additionally, the delay and uncertainty means the Church cannot conduct its religious assemblies and obtain donations from its congregation. Unable to operate its church and attain an income, the Church can no longer obtain loans through the banks.

As a result of the Defendants' bad faith and delays, the Church is insolvent. The Church can no longer trust the Defendants to act in good faith and now have no alternative to avoid irreparable harm but continue legal action. The urgency caused by Defendants' delaying makes a rapid determination of the merits especially important.

---

[10] *Id.*

8

Respectfully Submitted,
Carlinville Southern Baptist Church, Plaintiff

By: /s/Daniel P. Dalton
One of its Attorneys

Lead Counsel
Daniel P. Dalton
**TOMKIW DALTON, plc**
Attorney for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
ddalton@tomkiwdalton.com

Local Counsel
David A. Herman (6211060)
David O. Edwards (6229192)
GIFFIN, WINNING, COHEN & BODEWES P.C.
Attorneys for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidedwards@giffinwinning.com

## PROOF OF SERVICE

I, the undersigned, hereby certify that on June 24, 2008, I filed this Motion for to Consolidate Hearing with Trial on the Merits and Brief in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants: Elisha S Rosenblum, Clifford G Kosoff, and Jane M May of the law firm, O'Halloran, Kosoff, Geitner & Cook, P.C. 650 Dundee Road Northbrook, IL 60062

By: /s/Daniel P. Dalton
Attorney for Plaintiff

9

321 Williams Street  
Royal Oak, MI 48067  
Tel: (248) 591-7000

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(B)(4) the undersigned counsel hereby certifies that this Motion and Brief complies with the type-volume limitation found at Local Rule 7.1(B)(4)(b). The combined word count is 2681 words. The pleadings have been prepared in Microsoft Word 2003, using a proportionally spaced font, Times New Roman, and a 12-point font size.

Respectfully Submitted,  
**TOMKIW DALTON, plc**

/s/ Daniel P. Dalton  
Daniel P. Dalton (P 44056)  
Attorney for Plaintiff