Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2006 WL 3590185 (C.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 3590185 (C.D.Ill.))**

Davis v. **City** of Springfield
C.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court, C.D. Illinois.
Rickey B. DAVIS, Plaintiff,
v.
**CITY** OF SPRINGFIELD, Defendant.
**No. 04-3168.**

Dec. 8, 2006.

A. Courtney Cox, Hart & Hart, Benton, IL, for Plaintiff.
Frank Martinez, James A. Lang, Jenifer Lynn Johnson, **City** of Springfield Office of Corporation Counsel, Springfield, IL, for Defendant.

*OPINION*

JEANNE E. SCOTT, U.S. District Judge.

**\*1** This matter comes before the Court on Plaintiff Rickey B. Davis' **Motion** to **EnforceSettlement** Agreement (d/e 91) (**Motion**). This case was scheduled for trial on October 3, 2006. In September 2006, counsel for Davis, Courtney Cox, and Defendant **City** of Springfield's Corporation Counsel Jenifer Johnson informed the Court that counsel had reached a tentative **settlement** of this case. At Johnson's request, and without objection from Cox, the Court left the matter on the docket for trial until September 29, 2006. The Court then entered a Text Order removing the matter from the trial docket, declaring all pending **motions** to be moot, and directing the parties to file a stipulation to dismiss. *Text Order entered September 29, 2006.* Johnson sent Cox an email stating, in part, "We plan on introducing an ordinance to **approve** the agreement for emergency passage" *Motion,* Exhibit A, *Email from Jenifer Johnson to Courtney Cox dated September 28, 2006.* The **CityCouncil** never passed the ordinance **approving** the **settlement** agreement, and no stipulation to dismiss was ever filed. Davis now asks the Court to **enforce** the **settlement** agreement reached by counsel.

The Court cannot grant Davis' request. A **settlement** agreement is a contract. *Air Line Stewards and Stewardesses Assoc., Local 550, TWU, AFT-CIO v. Trans World Airlines, Inc.,* 713 F.2d 319, 321 (7thCir.1983). In order to create an **enforceable** contract with a municipality, the **CityCouncil** must enact an ordinance **approving** the agreement. *Springfield City Code* § 31.11(b); Illinois Municipal Code, 65 ILCS 5/3.1-40-40. That was not done here. Davis, thus, did not have an **enforceable** agreement with the **City**.

Davis relies on *City of Burbank* which holds that a **city's** corporate counsel has apparent **authority** that can bind the municipality to a **settlement**. *City of Burbank v. Illinois State Labor Relations Board,* 185 Ill.App.3d 997, 1005, 541 N.E.2d 1259, 1265 (1st Dist.1989). The reasoning in *City of Burbank* has been questioned and rejected in later Illinois cases. *City of Belleville v. Illinois Fraternal Order of Police Labor Council,* 312 Ill.App.3d 561, 564, 732 N.E.2d 592, 594 (5th Dist.2000); *Nielsen-Massey Vanillas, Inc. v. City of Waukegan,* 276 Ill.App.3d 146, 153 (2nd Dist.1995). The Court agrees that the reasoning in **City** of Burbank is flawed. The **CityCouncil** must adopt an ordinance to bind the **City**. 65 ILCS 5/3.1-40-40. The Court declines to follow the reasoning of the *City of Burbank.* Further, Johnson's email to Cox, quoted above, stated that an ordinance **approving** the **settlement** would be presented to the **CityCouncil** for passage. Thus, Johnson made it clear that an ordinance was needed; she did not represent that she had the **authority** to bind the **City**.

It is regrettable that the **settlement** was not completed, but the Court cannot find that the **City** entered into a binding **settlement** agreement in the absence of an affirmative **vote** by the **CityCouncil**.

**\*** THEREFORE, the **Motion** to **EnforceSettlement** Agreement (d/e 91) is DENIED. The portion of the

3:08-cv-03074-JES-CHE # 20 Page 2 of 2

Not Reported in F.Supp.2d Page 2
Not Reported in F.Supp.2d, 2006 WL 3590185 (C.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 3590185 (C.D.Ill.))**

Text Order entered on September 29, 2006, that denied the pending **motions** as moot is vacated, and those **motions** (d/e 87 & 90) are reinstated. The Court directs counsel to submit proposed trial dates.

IT IS THEREFORE SO ORDERED.

C.D.Ill.,2006.
Davis v. City of Springfield
Not Reported in F.Supp.2d, 2006 WL 3590185 (C.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.