UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

Hon. Jeanne E. Scott
Magistrate Judge Charles H. Evans
Case No. 3:08-cv-3074

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

**Roberts, Perryman, Bomkamp & Meives, P.C.**
John I. Schaberg (6180341)
Attorneys for Defendatn, co-counsel
6400 West Main Street, Suite 3H
Belleville, IL 62223
Phone: (314) 421-1850
Fax (314) 446-1578 or 421-4346
Jschaberg@rpbm.com

---

*Plaintiffs' Response*
*to Defendants Motion to Enter Appearance Through Additional Co-Counsel*
*and for Extension of Time*

    Plaintiff, Carlinville Southern Baptist Church, by and through its attorneys, *Tomkiw Dalton, plc,* files this response to Defendants Motion to delay this case for the reasons set forth

below and in the attached Memorandum of Law. In opposition to their Motion, Plaintiff Carlinville Southern Baptist Church states as follows:

1. In response to Defendants' assertions set forth in paragraph 1, Plaintiff denies the same as it is untrue. Defendants have neither shown necessity nor a valid reason supported by any facts, statutes or case law that compels them to retain separate counsel to answer the Plaintiff's Motion. A brief review of the undisputed facts confirms the same.

> a. On March 18, 2008, Plaintiff Carlinville Southern Baptist Church (hereinafter referred to as "Carlinville Baptist Church") filed a verified complaint based upon the City's denial of rezoning to allow religious use because of the loss of a tax basis, alleging violations of the federal and state constitution, the Religious Land Use and Institutionalized Persons Act, the Illinois Religious freedom Restoration Act and have sought mandamus and superintending control over the City Council.
>
> b. On March 19, 2008, Carlinville Southern Baptist Church filed a Motion for Ex Parte Temporary Injunction or in the alternative, a Preliminary Injunction seeking equitable relief under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 USC 2000cc.
>
> c. On March 20, 2008, Carlinville Southern Baptist Church attempted to serve the Mayor of Carlinville with the complaint and motion. The Mayor, however, tried to evade service throughout the day by driving away from the process server on several occasions. The City Attorney finally agreed to accept service.
>
> d. On March 21, 2008 this Court scheduled argument on Carlinville Southern Baptist Church's motion for injunctive relief. Accepting the fact that the actions of the City violated RLUIPA, the federal and state constitutions and the Illinois RFRA, the City *stipulated* to an injunctive Order allowing it to occupy, renovate and use the building for all its intended purposes, except the one main use - holding worship services.
>
> e. The Court has not scheduled argument on the remaining issue set forth in the Motion for Preliminary Injunction – that is, whether the Defendants denial of the rezoning based on loss of tax revenue resulting in the inability of the Church to worship in its building violated the First Amendment and the substantial burden and equal terms prongs of RLUIPA.
>
> f. On April 18, 2008 the Church filed its partial Motion for Summary Judgment as to liability on Counts IV and V of the complaint - the RLUIPA substantial burden, equal terms, unreasonable limitations and exclusions portion of the complaint. The sole issue within the pending motion is whether the City's denial of the

rezoning based solely on loss of tax revenue, resulting in the Church's inability to worship in its building, violates RLUIPA.

g. On April 19, 2008, the City insurance defense counsel urged the Church to mediate the remaining issues of (a) using the building for worship, (b) money damages, and (c) attorney fees.

h. On May 16 and May 28, 2008 the parties participated in day long mediations resulting in a settlement approved by the Mayor, a council member, the City's attorney, the City's insurance defense attorney and its insurance carrier. The settlement was contingent upon City Council approval.

i. On June 5, 2008 the City Council approved the settlement.

j. Thereafter and unbeknownst to anyone negotiating the settlement, the Mayor, *the same person who tried to avoid service of process, asked for mediation, participated in mediation and approved the settlement at mediation* vetoed the settlement.

k. At the June 16, 2008 City Council meeting, a motion was made to override the veto. The vote failed due to lack of support. Thereafter, a City Council member who was part of the negotiation team for the City resigned from the City Council citing the "bad faith" of the Mayor.

l. Immediately, thereafter, the Court ordered the City to file a response to the Church's Motion for Summary Judgment, which has been pending for nearly two months without a response, on or before June 19, 2008.

m. The Defendants failed to file a response to Summary Judgment.

n. Likewise, the Defendants failed to answer the complaint and motion for preliminary injunction that has been pending since March 18, 2008.

o. Rather, the City has asked for a 215 day postponement to file a response to summary judgment pursuant to Fed. R. Civ. Pro. 56 (f).

p. Carlinville Southern Baptist Church requested that the Court deny Defendants Motion as no discovery is needed on the issues presented to the Court. *The only issue before the Court in the pending partial summary judgment motion is whether the City's decision to deny rezoning based upon the Church's tax exempt status violates RLUIPA.* The facts are settled and the law is clear. The exhibits to the complaint affirm that the Mayor has repeatedly made it clear that the sole reason the City denied the rezoning was the loss of tax basis. No discovery is needed on this point. See, Plaintiff's complaint, **Docket No. 1, Exhibits 5, 10, and 11**.

2. In response to paragraph 2, Plaintiff neither admits nor denies the allegations set forth therein and further answers that there is no legal or factual reason stated in Defendants papers that precludes them from using their current attorneys to answer the Motion.

3. In response to paragraph 3, Plaintiff neither admits nor denies the allegations set forth therein and further answers that there is no legal or factual reason stated in Defendants papers that precludes it from using their current attorneys to answer the Motion. In further answering this paragraph, the sole issue before the Court in the pending Motion is whether or not the settlement should be confirmed by the Court, enabling Plaintiff to use its property for worship purposes, and the amount of additional attorney fees Defendants should pay for the bad faith actions taken by the Mayor who vetoed the settlement. Plaintiff requested the Defendants pay the entire legal fees of Plaintiff.

4. In response to paragraph 4, Plaintiff neither admits nor denies the allegations set forth therein and further answers that there is no legal or factual reason stated in Defendants papers that precludes them from using their current attorneys to answer the Motion. In further answering this paragraph, the sole issue before the Court in the pending Motion is a legal question. That is, once the City Council approved the settlement, does it became enforceable against the City as a matter of law and should the clearly undisputed bad faith actions taken by the mayor of Carlinville result in the payment of all of Plaintiff's attorney fees. No discovery or fact finding is necessary.

5. In response to paragraph 5, Plaintiff neither admits nor denies the allegations set forth therein and further answers that there is no legal or factual reason stated in Defendants' papers that precludes them from using their current attorneys to answer the Motion.

6. In response to paragraph 6, Plaintiff denies the allegations set forth therein as untrue. This is Defendants second attempt to prolong this case, add additional time and expense to the Plaintiff and simply use litigation as a process to drive it into fiscal oblivion. At a minimum, the current scheduling order should not be affected. At most, the Defendants' Motion should be denied and the relief sought by Plaintiff granted.

7. In response to paragraph 2, Plaintiff neither admits nor denies the allegations set forth therein and further answers that there is no legal or factual reason stated in Defendants' papers that precludes them from using their current attorneys to answer the Motion.

8. In response to paragraph 2, Plaintiff admits that it will not consent to any request for additional time to Defendants based upon the bad faith conduct of the Mayor and further answers that there is no legal or factual reason stated in Defendants' papers that precludes it from using its current attorneys to answer the Motion.

For the reasons set forth herein, and those reasons set forth in the attached Memorandum in Support, Carlinville Southern Baptist Church respectfully request this Court to deny Defendants motion and Sanction them for the bad faith actions taken by the Mayor herein.

Respectfully submitted,

**TOMKIW DALTON, plc**

By: /s/ Daniel P. Dalton
Daniel P. Dalton (P 44056)
Attorney for Plaintiff
*Lead Counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 facsimile
ddalton@tomkiwdalton.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.                                                                                          Hon. Jeanne E. Scott
                                                                                          Magistrate Judge Charles H. Evans
                                                                                       Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Roberts, Perryman, Bomkamp & Meives, P.C.**
John I. Schaberg (6180341)
Attorneys for Defendatn, co-counsel
6400 West Main Street, Suite 3H
Belleville, IL 62223
Phone: (314) 421-1850
Fax (314) 446-1578 or 421-4346
Jschaberg@rpbm.com

---

*Brief in Support of Plaintiffs' Response*
*To Defendants Motion to Enter Appearance through Additional Co-Counsel and for*
*Extension of Time*

       The facts of the pending Motion are very straight forward.  The instant lawsuit was filed,

the City stipulated to a injunctive order rather than contesting a Motion for a Temporary

6

Restraining Order and Preliminary Injunction, the Mayor of Carlinville requested a settlement conference, the parties to this case, including the Mayor, met with Magistrate Judge Cudmore for two full days and negotiated a settlement, the Mayor actively participated in the settlement negotiations and orally represented to the Church to the effect that the City will settle the claim and that he would approve a settlement, the City Council approved the settlement, then unbeknownst to anyone, the Mayor vetoed the settlement and the City Council failed to override the veto. One council member resigned based on the bad faith of the Mayor.

The question before the Court is whether it should confirm the settlement despite the actions taken by the Mayor. The Church has asked the Court to confirm the settlement by giving it the use it sought, damages and attorney fees including those monetary claims based upon the Mayor's conduct. Typical of its attitude to this case to date, the City has not answered the Motion. It has not answered the complaint and has answered no other pending motions. Rather, it has asked for more time to presumably create a defense to an indefensible course of conduct.

The legal question in the pending motion is very clear and requires no additional time to answer. That is, did the City Council's approval of the settlement confirm the requirement provided by Magistrate Cudmore that the settlement was conditioned upon its approval? The answer is yes. Once the City Council approved the settlement, it became enforceable against the City as a matter of law. In *Davis v. City of Springfield,* 2006 WL 3590185 (C.D. Ill. 2006), this Honorable Court was faced with a Motion to Enforce Settlement Agreement, but opined that since the City Council never passed the ordinance approving the settlement agreement, and no stipulation to dismiss was filed, there was no enforceable agreement with the City. In *Davis,* the Court reasoned that:

> A settlement agreement is a contract. *Air Line Stewards and Stewardesses Assoc., Local 550 TWU, AFT-CIO v. Trans World Airlines, Inc.,* 713 F.2d 319, 321 (7

7

> Cir. 1983). In order to create an enforceable contract with a municipality, the City Council must enact an ordinance approving the agreement. *Springfield City Code* § 31.11(b); Illinois Municipal Code, 65 ILCS 5/3.1-40-40.

*Id.* at *1. Because there was no affirmative vote by the City Council, which was made clear to the plaintiff as a prerequisite to effectuate a binding settlement, this Court could not grant Davis' request to enforce the settlement agreement.

Like the settlement in *Davis,* City Council approval was a condition for the settlement to be reached. Here, the Magistrate Judge's Minute Entry proves that the only step after the material terms were determined during mediation was City Council approval. However, unlike *Davis,* the City Council for Carlinville held a meeting, conducted a vote, and *approved* the terms of the settlement with a 2/3 majority. Once the City Council voted to approve, this constituted "City Council approval" to satisfy the conditional settlement, and thus the settlement became enforceable and the City became bound by its terms. The Mayor's approval or vote was not required, as is true under the Illinois Municipal Code, 65 ILCS 5/3.1-40-40, cited by this Court in *Davis. See McLean v. City of East St. Louis,* 222 Ill. 510 (1906) (concluding where there is no tie, the mayor is not entitled to vote and cannot be counted as a member to make the majority; and his approval of the measure will not give it validity); *Siegel v. City of Belleville,* 349 Ill. 240 (1932) (interpreting the statute and concluding the city council consists of the mayor and aldermen; the mayor presides at all meetings of the council, but has no vote except in the case of a tie, when he shall cast the deciding vote).

Even though the Mayor subsequently disapproved the settlement, and nothing was reduced to writing, an oral settlement is binding on the parties even though it is intended to later be reduced to writing, and a party to a settlement cannot avoid the agreement merely because it

8

subsequently changes its mind about the value of the claim. *Taylor v. Gordon Flesch Co., Inc.,* 793 F.2d 858, 862-63 (7th Cir. 1986).

The facts and history of this case-- the Mayor's ardent opposition to the Church, his bad faith in dealing with the Church, and his active participation in negotiating the terms of settlement—reveals that this veto should be held to have no effect; and that this Motion is just another attempt to delay proceedings and increase the cost of litigation. Defendants' pending Motion is one more attempt by the City to impede the Church's right to pursue their constitutional rights and this litigation. The Mayor has actively impeded this litigation and has negotiated a settlement in bad-faith and has maintained ill motivations to create hurdles and obstacles at every turn: this Motion is just one more example.  The Mayor evaded service and led the process server on a car chase, requiring the City Attorney to accept service on the Mayor's behalf.  The Mayor has publicly admitted that this case all boils down to money in his eyes.  He sees the Church as a non-taxable entity, and thus has done everything in his power to give the Church the run-around and destroy its chances at using its property for religious worship. The conduct is clearly sanctionable and the Church should have all of its attorney fee's paid by the City for the Mayor's reprehensible conduct.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff, Carlinville Southern Baptist Church, requests that the Court enter an Order denying the Defendants' Motion to Enter Appearance Through Additional Co-Counsel and For Extension of Time. .

**Respectfully Submitted,**
**Carlinville Southern Baptist Church, Plaintiff**

By:  /s/Daniel P. Dalton
Attorney for Plaintiff, *lead counsel*

**PROOF OF SERVICE**

      I, the undersigned, hereby certify that on July 9, 2008, I filed this Motion and Brief in Opposition of Defendants Rule 56 (f) Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants: Elisha S Rosenblum, Clifford G Kosoff, and Jane M May of the law firm, O'Halloran, Kosoff, Geitner & Cook, P.C. 650 Dundee Road Northbrook, IL 60062 and John Schlaberg of the law firm Roberts, Perryman, Bomkamp & Meives, P.C., 6400 West Main Street, Suite 3h; Belleville, Il 62223

                By:  /s/Daniel P. Dalton
                Attorney for Plaintiff
                321 Williams Street
                Royal Oak, MI 48067
                Tel:  (248) 591-7000

**CERTIFICATE OF COMPLIANCE**

      Pursuant to Local Rule 7.1(B)(4) the undersigned counsel hereby certifies that this Motion and accompany Brief complies with the type-volume limitation found at Local Rule 7.1(B)(4)(b).  The combined word count is 2988 words. The pleadings have been prepared in Microsoft Word 2003, using a proportionally spaced font, Times New Roman, and a 12-point font size.

                Respectfully Submitted,
                **TOMKIW DALTON, plc**

                /s/ Daniel P. Dalton
                Daniel P. Dalton (P 44056)
                Attorney for Plaintiff

July 9, 2008