UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, | ) ) | |
| Plaintiff, | ) | Case No. 08-3074 |
| v. | ) ) | |
| CITY OF CARLINVILLE, ILLINOIS, CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, | ) ) ) | |
| Defendants. | ) | |

**Defendants' Answer to Complaint**

NOW COME the Defendants, CITY OF CARLINVILLE, ILLINOIS, and the CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, by their attorney, Elisha S. Rosenblum, and for their Answer to the Verified Complaint for Declaratory and Injunctive Relief filed herein by Plaintiff, state as follows:

1. This is an action for declaratory judgment, temporary restraining order, preliminary and permanent injunction, and damages arising from the City's violation of federal and state Constitutional and statutory rights. Carlinville Southern Baptist Church (the "Church") alleges that the City's zoning ordinance, both on its face and as applied to the Church, violates its First Amendment rights to the free exercise of religion and freedom of speech and assembly; its Fourteenth Amendment rights to due process and equal protection under the law; its parallel rights under the Illinois Constitution, the Religious Land Use and the Institutionalized Persons Act of 2000, 42 USC § 2000cc (the "Act") and the Illinois Religious Freedom Restoration Act, 775 ILCS 35/15.

**ANSWER:** Defendants admit that Plaintiff has filed the instant lawsuit, but denies that they have violated any of Plaintiff's federal or state constitutional or statutory rights.

2. The Church is a congregation of Christians that assemble weekly to worship God and engage in other worship supporting activities customarily associated with churches. The Church is registered, under the Illinois Religious Corporation Act, 815 ILCS 110/0.01 et seq., as a religious corporation pursuant to an "Affidavit of Religious Organization" recorded with the Macoupin County Recorder of Deeds on March 23, 1983.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2.

3. The City is a municipal corporation organized under the Constitution and Laws of the State of Illinois and a political sub-division thereof and its subordinate governmental entity. The City is empowered by the State of Illinois to regulate and restrict the use of land

and structures within the City's geographical jurisdiction, and effectuates this authority through implementation and enforcement of the City's zoning ordinances.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3.

4.      This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 USC § 1343(a)(3), in that it is brought to redress deprivations under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 USC § 1343(a)(4), in that it seeks to recover equitable relief under acts of Congress, specifically 42 USC § 1983 and 42 USC § 2000cc, which provide causes of actions for the protection of civil and constitutional rights, injunctive remedies and damages; and under 28 § 2201(a), to secure declaratory injunctive relief under 28 USC § 2202; and under 42 USC §1988, to secure reasonable attorney fees as part of the case. Plaintiff includes a request for a speedy decision and advancement on this Court's calendar under Fed. R. Civ. Pro. 57 and 28 USC § 2201. This Court has supplemental jurisdiction pursuant to 28. U.S.C. § 1367(a) over the state law claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein.

**ANSWER:** Defendants admit only that this Court has subject matter jurisdiction over this case.

5.      The venue in this action is proper within the Central District pursuant to 28 USC § 1391(b), in that (i) Defendant is situated within this judicial district, (ii) Plaintiff, Carlinville Southern Baptist Church resides within this judicial district, and (iii) all of the claims asserted by Plaintiff Carlinville Southern Baptist Church arose within this judicial district.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6.      The Church is a congregation of Christians that is a member church of the Illinois Baptist State Association, which is affiliated with the Southern Baptist Convention, which appeals exclusively to the scriptures of the Holy Bible for its authority and means of governance. It is a religious body formed for the promotion of the message of the Christian gospel, instruction and righteous conduct, fellowship of its members and outreach to the community.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      The Church sincerely believes that the foregoing ministries are duties owed to God by Christians and by the Church corporately.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      In accordance with its beliefs, the Church regularly assembles on Sunday mornings and Wednesday evenings to worship publicly Almighty God. The Church conducts said religious services and activities in pursuit of is mission and responsibilities as a church. The Church finds 380 to 450 persons in regular attendance at its Sunday morning worship services.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      The Church currently holds its worship services and generally operates out of a building owned by the Church outside the city limits of the City.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 9.

10.     Since 2000, the Church has experienced steady and substantial growth in membership and in participation in its ministries and programs such that continued operation of the Church and all of its programs at its existing site has become impracticable.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     To accommodate its growing membership and in furtherance of and to facilitate the foregoing purposes, on or about January 28, 2008 the Church purchased property located at 1030 West Main Street, Carlinville, Illinois (the "premises"). The premises were formally home to a Wal-Mart retail store.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.  Defendants admit that the premises was formally a Wal-Mart store.

12.     The Church desires and intends to occupy and use the premises for the primary purpose of gathering corporately to engage in the public worship of God, including the public preaching of doctrines of the Christian faith. The Church also intends to use the premises for other activities that pertain to its primary purpose, including classes of bible instruction, fellowship gatherings, administrative functions, and various ministries of outreach to the community.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     On or about September 13, 2005, the Church executed a contract for purchase of the premises, with an indefinite closing date to be set at the discretion of Wal-Mart.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     The premises are currently zoned under the C-1 Neighborhood Commercial zoning designation, which does not allow for use as a church.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 14.

15.     On December 13, 2007, Pastor Tim Rhodus, the senior pastor and agent for the Church, applied to the City for re-zoning of the property from the C-1 commercial zoning designation to the R zoning designation to allow the use of the property for religious purposes.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 15.

16.     The adjacent land uses are as follows: to the North is undeveloped agricultural land; to the East is retail/office center, single family residential developments, a bank, and a trucking facility; to the South is a vacant restaurant, single family residential developments and the Carlinville High School, and to the West is an assisted living facility and undeveloped land.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 16.

17.     The City neither had an internal planning department nor an outside professional consultant review the application to rezone the premises prior to the City's Planning/Zoning Commission holding a public hearing and making an advisory report to the City Council on the rezoning application.

**ANSWER:**  Defendants state that this allegation is irrelevant and should be stricken. Notwithstanding said objection, Defendants admit the allegations contained in Paragraph 17.

18.     The City's Planning/Zoning Commission held a public hearing on January 16, 2008 and recommended denial of the rezoning, concluding that (a) the existing uses of the premises in the vicinity of the property were all commercial, (b) the zoning district classification to the east, south and west were all commercial, (c) the suitability of the property to remain in retail use "seemed excellent" (d) the area was stable in terms of development and, most importantly, (e) the City would lose potential sales tax revenues and real estate taxes.

**ANSWER:**  Defendants admit that there was a hearing held on January 16, 2008. Defendants deny that Plaintiff has accurately stated the conclusions of the hearing, and also state that the two-page document entitled "Carlinville Planning/Zoning Commission Advisory report/Findings of Fact," and signed by Beth Toon, speaks for itself.

19.     On February 4, 2008, at its regularly scheduled meeting, the City Council voted unanimously to deny the application for rezoning.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 19.

20.     At the meeting, Carlinville Mayor, Robert Schwab indicated that the reason for the denial was to attempt to maintain potential tax revenues.

4

**ANSWER:** Defendants deny the allegations contained in Paragraph 20.

21. Subsequent to the decision, the City has publicly said that the sole reason for denying the rezoning is the loss of potential tax revenues that would result from religious use of the property.

**ANSWER:** Defendants deny the allegations contained in Paragraph 21.

22. The Church desires to occupy and use the premises as a church, and to do so immediately.

**ANSWER:** Defendants admit the allegations contained in Paragraph 22.

23. The City regulates the use of land within its geographical jurisdiction pursuant to the City's zoning ordinance which is part of the City Code. (The zoning ordinance referred to herein as the "Zoning Ordinance" or "Ordinance").

**ANSWER:** Defendants admit the allegations contained in Paragraph 23.

24. The City's zoning ordinance allows for churches as permitted uses as of right only under the R zoning designation.- At the time of the Church's application for rezoning, churches were not allowed as special uses under any zoning designation.

**ANSWER:** Defendants admit the allegations contained in Paragraph 24.

25. The C-1 zoning designation allows for office uses, day care centers, retail and service uses, funeral homes, eating and drinking establishments, filling stations, mini-warehouses and public utility buildings as of right.

**ANSWER:** Defendants admit the allegations contained in Paragraph 25, only as of December 2007. The C-1 zoning designation has since been amended.

26. Prior to January 16, 2008, the schedule of permitted zoning uses allowed for assembly uses similar to a Church in a C-1 zoning district, such as auditoriums, retail and service uses, day care center, and eating and drinking places as of right.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

27. The zoning ordinance defines the term "Auditorium" as "A room, hall or *building made a part of a church,* theater, school, recreation building or other building assigned to the gathering of people."

**ANSWER:** Defendants admit the allegations contained in Paragraph 27.

28.     In a letter dated January 4, 2008 to the City, through the City Attorney, the Church notified the City of the incongruity of the uses permitted by the Zoning Ordinance and that the ordinance violated the RLUIPA law.

**ANSWER:**  The letter of January 4, 2008 from Dave Edwards to Will Hebron speaks for itself.

29.     On or about January 21, 2008, after the City's Planning/Zoning Commission issued its recommendation to deny rezoning, and before February 4, 2008, when the City Council met to vote on the rezoning request, the City *amended* its schedule of permitted uses, accessory uses and special uses, for the C-1 zoning designation by deleting "Auditoriums" as a permitted use under the C-1 designation. The City now allows auditoriums, non commercial clubs and lodges as a special use under the C-1 zoning designation.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 29, but states that auditoriums are no longer a permitted use under the C-1 designation.

30.     The City further provided in the amended "use" schedule that churches are permitted with special use approval in the A (agricultural) district.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 30, but states that churches are now a permitted use in the "A" designation.

31.     There is no available land within the City that is reasonably suitable for the Church to build or use for religious purposes.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 31.

32.     On or about January 20, 2008, after denying the Church's rezoning request, the City, through its Mayor, requested that the Church sell the premises to the City.

**ANSWER:**  Defendants admits only that on February 20, 2008, Mayor Robert Schwab wrote a letter to the Plaintiff inquiring if the Plaintiff "would be willing to sell the site to the City," and denies the remaining allegations contained in Paragraph 32.

33.     The Church has refused to sell the property to the City.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 33.

34.     According to the March 4, 2008 edition of an area newspaper, ***The Telegraph,*** the City plans to file an injunction in state Court to preclude the Church from using its building for any religious purpose. ("The city will file an injunction against the Carlinville Southern Baptist Church to prevent it from opening a religious center in the old Wal-Mart building.")

**ANSWER:**  Defendants state that the March 4, 2008 article written by Tom Bott speaks for itself.

35. Similar statements were made in other local newspapers the week of March 4, 2008.

**ANSWER:** Defendants deny the allegations contained in Paragraph 35.

36. The Mayor of the City further acknowledged in a television interview that the sole reason for the denial of the rezoning was the potential loss of real property tax and sales tax if the premises were converted to a church.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. On March 13, 2008, the Mayor of Carlinville confirmed that the reason for the City denying rezoning is the loss of tax revenue when he addressed the Carlinville Chamber of Commerce. According to the minutes of the meeting, the Mayor informed the Chamber members that "the City is against the Church moving into their new building simply because of economics." The Mayor further asked for "written support of whatever the Chamber of Commerce] can provide as a board or individuals" to deny the Church to move into its building.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37.

38. Under the current provisions of the Zoning Ordinance, certain uses, including office uses, daycare centers and eating and drinking establishments, such as banquet halls, are permitted uses under the C-1 zoning designation and, therefore, such uses of the premises are proper.

**ANSWER:** Defendants admit the allegations contained in Paragraph 38, but deny any allegation regarding banquet halls.

39. There exists no building code in the City, nor is there any requirement that a property owner obtain a building permit before making internal renovations to a building.

**ANSWER:** Defendants admit the allegations contained in Paragraph 39.

40. The Carlinville Zoning Administrator has informed Church representatives that the City cannot prevent the Church from remodeling and undertaking construction of the interior of the property.

**ANSWER:** Defendants admit the allegations contained in Paragraph 40.

41. The City has threatened to take action to prevent the Church from undertaking any work or renovation within the premises and to prevent any religious use of the property, regardless of whether such use might otherwise be consistent with the permitted uses of the C-1 zoning designation.

**ANSWER:** Pursuant to an agreed order entered by this Court on March 20, 2008, Plaintiff is permitted to use the property in conformity with the C-1 zoning designation.

42. The City's attempt to prevent even lawful uses of construction on the property is based solely on the religious nature of the Church and its mission.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

43. The Church has a contingent of contractors and volunteers ready to commence work on the building, but cannot do so with the threatened zoning enforcement action.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. If the Church is not permitted to use its building, and begin work on interior renovations, it will loose the volunteer construction crews, which, will result in a substantial increased development cost of the premises.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44.

### COUNT I
*Violation of the Rights to Freedom of Speech and Assembly as Guaranteed by the First Amendment to the United States Constitution (42 USC §1983)*

45. Defendants restate their answers to Paragraphs 1-44 of the Complaint as their answer to Paragraph 45 as if fully written herein.

46. All acts alleged herein of the City, its officers, agents, servants, employees, or persons acting at its behest or direction, were done and are continuing to be done under the color and pretence of state law. Said acts include the enactment, implementation and enforcement of the Zoning Ordinance, as well as any additional ordinances, regulations, customs, policies and usages of the City.

**ANSWER:** Defendants admit the allegations contained in Paragraph 46.

47. In circumstances in which religious and non-religious assembly uses are operationally similar (from the perspective of the proper purposes and objectives of government zoning authority), the City's Zoning Ordinance nonetheless treats differently religious and nonreligious assemblies.

**ANSWER:** Defendants deny the allegations contained in Paragraph 47.

48. The Zoning Ordinance differentiates religious uses from other uses by means of analysis of the content of the speech of those who would use the property for assembling and assigns discriminatory burdens to those users whose speech is religious.

**ANSWER:** Defendants deny the allegations contained in Paragraph 48.

49. The City's discriminatory treatment of religious land uses constitutes a content based and viewpoint based restriction on speech.

**ANSWER:** Defendants deny the allegations contained in Paragraph 49.

50. The content and viewpoint based restrictions of the Zoning Ordinance are not supported by a compelling governmental interest and are not narrowly tailored to accomplish the compelling governmental interest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 50.

51. The Zoning Ordinance's regulation of religious uses is not a legitimate time, place, or manner regulation, as it does not serve a significant government interest, and does not leave open ample alternative channels for communication.

**ANSWER:** Defendants deny the allegations contained in Paragraph 51.

52. The Zoning Ordinance, to the extent it requires Plaintiff to obtain special dispensation from the City to use land for assembly and for religious purposes and affords the City unfettered discretion to decide whether to allow religious speech and does not contain in that process the procedural safeguards necessary for a speech-related permit scheme, constitutes a prior restraint on Plaintiff's speech in violation of the First Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 52.

53. By discriminating against churches and religious land uses, the City has violated and continues to violate Plaintiff's right to the freedom of speech under the First Amendment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 53.

54. The Zoning Ordinance, to the extent it imposes discriminatory burdens on those who seek to assemble for religious exercise and speech violates Plaintiff's right to assemble and associate for the purpose of engaging in activities protected by the First Amendment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 54.

55. As a direct result of the City's violation of Plaintiff's First Amendment rights to the freedom of speech and assembly as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 55.

56.  As a direct result of the City's violation of Plaintiff's First Amendment rights to the freedom of speech and assembly, as noted above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 56.

### COUNT II
### *Violation of the Right to Free Exercise of Religion Guaranteed by the First Amendment to the United States Constitution (42 USC § 1983)*

57.  Defendants restate their answers to Paragraphs 1-56 of the Complaint as their answer to Paragraph 57 as if fully written herein.

58.  The terms and operation of the Zoning Ordinance burden the exercise of religion and are not neutral or of general application.

**ANSWER:** Defendants deny the allegations contained in Paragraph 58.

59.  As the text and application of the Zoning Ordinance imposes substantial burdens on the religious exercise of the Church and religious assemblies in general and discriminates against religious uses by permitting operationally similar non-religious assemblies to be free of such burdens, the City hereby has unjustifiably violated the Church's right to the free exercise of religion.

**ANSWER:** Defendants deny the allegations contained in Paragraph 59.

60.  The City's substantial burden on and discrimination against religious exercise established by the City's Zoning Ordinance is not justified by or narrowly tailored to further any compelling governmental interest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 60.

61.  As a direct result of the City's violation of the Plaintiff's right to the free exercise of religion, as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 61.

62.  As a direct result of the City's violation of Plaintiff's First Amendment right to the free exercise of religion, as alleged above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 62.

## COUNT III
### *Violation of the Right to Equal Protection under the law and Due Process Guaranteed by the Fourteenth Amendment to the United States Constitution (42 USC § 1983)*

63.     Defendants restate their answers to Paragraphs 1-62 of the Complaint as their answer to Paragraph 63 as if fully written herein.

64.     The Zoning Ordinance, to the extent it discriminates against certain types of land uses based solely on the religious content of the speech and exercise of those assembling on the property, violates Plaintiff's right to the Equal Protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 64.

65.     The Zoning Ordinance contains provisions which are unconstitutionally vague, in that those provisions are not defined sufficiently, such as to allow persons of ordinary intelligence to understand the proper meaning of their terms, nor to preclude arbitrary and discriminatory enforcement of their provisions, thereby violating Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 65.

66.     The terms of the zoning ordinance and their application in violation of the Church's Equal Protection and Due Process rights are not supported by or narrowly tailored to further any compelling governmental interest.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 66.

67.     As a direct result of the City's violation of the Plaintiff's Fourteenth Amendment rights, the equal protection of the law and due process as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy of law.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 67.

*68.*     As a direct result of the City's violation of the Plaintiff's Fourteenth Amendment rights to equal protection of the law and due process, as alleged hereinabove, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorney fees.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 68.

## COUNT IV
### *Violation of the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc (a)*

69.     Defendants restate their answers to Paragraphs 1-68 of the Complaint as their answer to Paragraph 69 as if fully written herein.

11

70. The Zoning Ordinance is a land use regulation or system of land use regulations under which the City makes, or has in place, formal or informal procedures or practices that permit it to make individualized assessments of the proposed uses for property in its jurisdiction.

**ANSWER:** Defendants deny the allegations contained in Paragraph 70.

71. The intended future use of the premises for the purpose of Plaintiff's religious exercise is itself religious exercise by Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 71.

72. The text of the Zoning Ordinance can feasibly operate to keep Plaintiff from establishing a church in any district in the City.

**ANSWER:** Defendants deny the allegations contained in Paragraph 72.

73. The City's implementation of the land use regulations contained in the Zoning Ordinance as alleged above imposes a substantial burden on the religious exercise of Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 73.

74. The substantial burden imposed on religious exercise is not in furtherance of a compelling governmental interest and is not the least restrictive means of furthering any compelling governmental interest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 74.

75. Accordingly, the City has violated Plaintiff's rights recognized under federal statute in the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc(a) (hereinafter referred to as "the Act").

**ANSWER:** Defendants deny the allegations contained in Paragraph 75.

76. As a direct result of the City's violation of Plaintiff's rights 42 USC §2000cc(a) of the Act, as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 76.

77. Furthermore, as a direct result of the City's violation of Plaintiff's rights under 42 USC § 2000cc(a) of the Act as alleged above, Plaintiff has suffered and is entitled to recover punitive, compensatory and nominal damages, costs and attorney fees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 77.

## COUNT V
### *Violation of the Religious Land Use and Institutionalized Persons Act, 42 USC § 2000cc(b)*

78.     Defendants restate their answers to Paragraphs 1-77 of the Complaint as their answer to Paragraph 78 as if fully written herein.

79.     Plaintiff desires and intends to engage in religious assembly on the premises and has purchased the premises for that purpose.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     The City, by means of maintaining the existence and enforcement of the Zoning Ordinance has imposed and continues to implement land use regulation in a manner that treats religious assemblies or institutions, including Plaintiff, on less than equal terms with non-religious assemblies or institutions.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 80.

81.     The City, by means of maintaining the existence and enforcement of the Zoning Ordinance has imposed and continues to implement a land use regulation that discriminates against assemblies or institutions, including Plaintiff's, on the basis of religion.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 81.

82.     The City, by means of maintaining the existence and enforcement of the Zoning Ordinance requiring religious assemblies desiring to locate in the City to obtain special dispensation from the City (in the form of a special use permit or rezoning of property), has totally excluded religious assemblies from or, alternatively, has unreasonably limited religious assemblies within, its jurisdiction.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 82.

83.     Accordingly, the City has violated the Plaintiff's rights recognized under federal law as contained in 42 USC §2000cc(b)(1) (equal terms), (b)(2) (non discrimination) and (b)(3) (unreasonable limitation or exclusion) of the Act.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 83.

85.     As a direct result of the City's violation of Plaintiffs rights under 42 USC §2000cc(b) of the Act, as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 84.

86.     Furthermore, as a direct result of the City's violation of Plaintiffs rights under 42 USC § 2000cc(b) of the Act, as alleged above, Plaintiff has suffered and is entitled to recover punitive, compensatory and nominal damages, costs and attorney fees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 85.

## COUNT VI
*Violation of the Illinois Religious Freedom Restoration Act, 775 ILCS 35/15*

86.     Defendants restate their answers to Paragraphs 1-85 of the Complaint as their answer to Paragraph 86 as if fully written herein.

87.     The Zoning Ordinance is a land use regulation or system of land use regulations under which the City makes, or has in place, formal or informal procedures or practices that permit it to make individualized assessments of the proposed uses for property in its jurisdiction.

**ANSWER:** Defendants deny the allegations contained in Paragraph 87.

88.     The intended future use of the premises for the purpose of Plaintiffs religious exercise is itself religious exercise by Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 88.

89.     The text of the Zoning Ordinance can feasibly operate to keep Plaintiff from establishing a church in any district in the City.

**ANSWER:** Defendants deny the allegations contained in Paragraph 89.

90.     The City's implementation of the land use regulations contained in the Zoning Ordinance as alleged above imposes a substantial burden on the religious exercise of Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 90.

91.     The substantial burden imposed on religious exercise is not in furtherance of a compelling governmental interest and is not the least restrictive means of furthering any compelling governmental interest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 91.

92.     Accordingly, the City has violated Plaintiff's rights recognized under in the Illinois Religious Freedom Restoration Act, 775 ILCS 35/15.

**ANSWER:** Defendants deny the allegations contained in Paragraph 92.

93. The City, by means of maintaining the existence and enforcement of the Zoning Ordinance has imposed and continues to implement land use regulation in a manner that treats religious assemblies or institutions, including Plaintiff, on less than equal terms with non-religious assemblies or institutions.

**ANSWER:** Defendants deny the allegations contained in Paragraph 93.

94. The City, by means of maintaining the existence and enforcement of the Zoning Ordinance has imposed and continues to implement a land use regulation that discriminates against assemblies or institutions, including Plaintiff's, on the basis of religion.

**ANSWER:** Defendants deny the allegations contained in Paragraph 94.

95. The City, by means of maintaining the existence and enforcement of the Zoning Ordinance requiring religious assemblies desiring to locate in the City to obtain special dispensation from the City (in the form of a special use permit), has totally excluded religious assemblies from or, alternatively, has unreasonably limited religious assemblies within, its jurisdiction.

**ANSWER:** Defendants deny the allegations contained in Paragraph 95.

96. Accordingly, the City has violated the Plaintiff's rights recognized under state law as contained in 775 ILCS 35/15.

**ANSWER:** Defendants deny the allegations contained in Paragraph 96.

97. As a direct result of the City's violation of Plaintiffs rights under 775 ILCS 35/15, as alleged above, Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 97.

98. Furthermore, as a direct result of the City's violation of Plaintiff's rights under 775 ILCS 35/15 as alleged above, Plaintiff has suffered and is entitled to recover punitive, compensatory and nominal damages, costs and attorney fees.

**ANSWER:** Defendants deny the allegations contained in Paragraph 98.

## COUNT VII
*Mandamus and Superintending Control*

99. Defendants restate their answers to Paragraphs 1-98 of the Complaint as their answer to Paragraph 99 as if fully written herein.

100. That under its own ordinances, state and federal law, and the United States and Illinois Constitutions, the Defendant has a clear legal duty to approve Plaintiffs request for rezoning of Plaintiffs property to permit its use as a church as of right.

**ANSWER**: Defendants deny the allegations contained in Paragraph 100.

101. The Defendant lacks the ability to act within the confines of the law, is out of control and is willfully disobeying the law. By failing to approve the proposed use, Defendant has caused Plaintiff damages and continues to cause Plaintiff damages.

**ANSWER**: Defendants deny the allegations contained in Paragraph 101.

102. Defendant's breach of duty has caused Plaintiff irreparable injury, and threatens Plaintiff with future irreparable injury for which there is no adequate remedy at law.

**ANSWER**: Defendants deny the allegations contained in Paragraph 102.

103. In this case an actual controversy exists based on the foregoing allegations and this Court is otherwise empowered to render declaratory judgments as requested herein pursuant to Fed. R. Civ. Pro. 65.

**ANSWER**: Defendants deny the allegations contained in Paragraph 103.

104. This Court is also empowered to render mandamus and secure superintending control over Defendant as requested herein.

**ANSWER**: Defendants deny the allegations contained in Paragraph 104.

105. Defendant and its agents, employees and/or those acting in concert with, or under Defendant's authority, supervision and control, acting under the color of an ordinance, custom, policy or other law, deprived Plaintiff of its constitutional rights.

**ANSWER**: Defendants deny the allegations contained in Paragraph 105.

106. Defendant's arbitrary, discriminatory and confiscatory actions taken against Plaintiff has caused and will cause Plaintiff substantial damages and harm, as it unreasonably interferes with Plaintiff's intended development and use of the property.

**ANSWER**: Defendants deny the allegations contained in Paragraph 106.

# COUNT VIII
## *Defendants' Violations of the Plaintiff's Rights under the Illinois Constitution*

107.   Defendants restate their answers to Paragraphs 1-106 of the Complaint as their answer to Paragraph 107 as if fully written herein.

108.   There has been an abuse of process and deprivation of rights secured by the Illinois Constitution by the Defendant, under the color of state law which has deprived the Plaintiff of its rights under Article I, Section 2 of the Illinois Constitution *(Due Process and Equal Protection),* Article I, Section 3, *(Religious Freedom),* Article I, Section 4 *(Free Speech),* and Article I, Section 5 *(Free Assembly),* as described above and in one or more of the following particulars:

    a. That the Defendants have wrongfully prohibited a lawful, protected and legitimate use of the Plaintiffs property, without any record showing that such prohibition has any real, material and substantial relationship to the public health, safety, morals or the general welfare of the community; and/or

    b. That Defendant's actions, under color of law, wrongfully and immediately harms Plaintiff as a direct result of the constitutional violations; and/or

    c. That Defendant has wrongfully developed, administered, and operated its ordinances by wrongfully implying an unconstitutional process of inquiry into the religious character and activities of the Plaintiff's use, all by actions under color of state law; and/or

    d. That Defendant has acted contrary to the law, including, but not limited to, the concepts set forth in the Illinois Constitution, by wrongfully and substantially burdening the Plaintiff's exercise of religion, free speech and assembly rights and equal protection and due process rights without any record of material fact by the Defendant of a compelling governmental interest in any record showing that Defendant's actions are the least restrictive means of furthering a defined and otherwise compelling statement of interest; and/or

    e. That all of the acts of the Defendant, its officers, agents, servants, employees or persons acting at their behest or direction, were done and continue to be done under the color and pretense of state law, including ordinances, regulations, customs, policies and usages of the Defendant; and/or

    f. That the Plaintiff has no adequate or speedy remedy at law to correct or redress the deprivations of its federal and state rights by the Defendant; and/or

    g. That unless and until the enforcement of the Defendant's decisions are enjoined, the Plaintiff will suffer, and continues to suffer, irreparable and immediate injury to their federal and state rights as otherwise guaranteed

> under the constitutions, including the fear of enforcement and prosecution; and/or
>
> h. That the actions of the Defendant has been ill-motivated and administered with callous disregard for Plaintiffs protected rights as set forth herein; and/or
>
> i. That Defendant has no compelling or overriding interest in regulating the content and viewpoint of otherwise lawful, private speech and exercise of religion.

**ANSWER:** Defendants deny all of the allegations (a-i) contained in Paragraph 108.

**DEFENDANTS RESERVE THE RIGHT TO PLEAD ANY AND ALL APPLICABLE AFFIRMATIVE DEFENSES AFTER THE DISCOVERY IN THIS CASE IS COMPLETED, AND AT ANY TIME PRIOR TO OR DURING TRIAL.**

**DEFENDANTS DEMAND TRIAL BY JURY.**

Wherefore, based upon the foregoing, Defendants request that this Honorable Court deny the Plaintiff's requested relief and dismiss this case with prejudice.

Respectfully submitted,

**CITY OF CARLINVILLE**
**CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION**

By:    s/Elisha S. Rosenblum
       Elisha S. Rosenblum, #6225957
       O'Halloran Kosoff Geitner & Cook, LLC.
       650 Dundee Road, Suite 475
       Northbrook, IL 60062
       Telephone: (847) 291-0200
       Facsimile: (847) 291-9230
       E-mail: esrosenblum@okgc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, | ) ) | |
| Plaintiff, | ) | Case No. 08-3074 |
| v. | ) ) | |
| CITY OF CARLINVILLE, ILLINOIS, CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, | ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2008, I electronically filed Defendants' Answer to Complaint with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

| | |
|---|---|
| Daniel P. Dalton | David A. Herman |
| Tomkiw Dalton, PLC | David O. Edwards |
| 321 Williams Street | |
| Royal Oak, MI  48067 | Giffin, Winning, Cohen & Bodewes, P.C. |
| | One West Old State Capital Plaza, Suite 600 |
| | Springfield, Illinois 62701 |

**CITY OF CARLINVILLE**
**CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION**

By:  s/Elisha S. Rosenblum
Elisha S. Rosenblum, #6225957
O'Halloran Kosoff Geitner & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone:  (847) 291-0200
Facsimile:   (847) 291-9230
E-mail:  esrosenblum@okgc.com