IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-3074 |
| CITY OF CARLINVILLE, ILLINOIS and CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion to Enforce Settlement (d/e 19). For the reasons stated below, the Motion is denied.

## FACTS

According to the Complaint (d/e 1), in September of 2005, Plaintiff, the Carlinville Southern Baptist Church, executed a contract to purchase a former Wal-Mart property. The closing date was within Wal-Mart's discretion. Plaintiff intended to use the premises for church services and other church activities. In December of 2007, Plaintiff applied to the City

1

of Carlinville for rezoning of the property; it is currently zoned under the C-1 Neighborhood Commercial designation, which does not allow for church use.  On January 16, 2008, the Carlinville Planning/Zoning Commission recommended denying the rezoning application.  Plaintiff closed on the property January 28, 2008.  On February 4, 2008, the Carlinville City Council voted to deny the application for rezoning.

On March 18, 2008, Plaintiff filed suit against the City of Carlinville and the Carlinville Planning/Zoning Commission.  Plaintiff alleges that Defendants violated its First Amendment rights to freedom of speech, assembly, and exercise of religion, and its Fourteenth Amendment right of due process.  Plaintiff also alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act, the Illinois Religious Freedom Restoration Act, and the Illinois Constitution.

Soon after Plaintiff filed suit, the parties engaged in mediation discussions with Magistrate Judge Byron G. Cudmore, and on May 28, 2008, Judge Cudmore issued a Minute Entry stating that the parties had reached a conditional settlement, which included an agreement on the amount of damages Defendants would pay Plaintiff.  The conditional settlement was "subject to approval by the City Council of the City of

Carlinville." See Minute Entry dated May 28, 2008. The Mayor of Carlinville was involved in the mediation discussions with Judge Cudmore.

After Judge Cudmore noted that the parties had reached a settlement agreement, the Carlinville City Council voted to approve the settlement.[1] The Mayor, however, vetoed the City Council approval, and the City Council did not override his veto.

Plaintiff has now moved to enforce the agreement reached in mediation, arguing that the settlement became final and binding as soon as the City Council voted to approve it. According to Plaintiff, the Mayor's veto had no effect on the fact of settlement.

## ANALYSIS

A settlement agreement is a contract. Air Line Stewards and Stewardesses Assoc., Local 550, TWU, AFL-CIO v. Trans World Airlines, Inc., 713 F.2d 319, 321 (7th Cir. 1983). State law governs disputes over enforcement of settlements of federal suits. Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 490 (7th Cir. 2002). In Illinois, oral settlements are

---

[1] Based on the certified minutes of the Special City Council Meeting held June 5, 2008, and the certified copy of the Carlinville Mayor's veto delivered to the City Council June 5, 2008, the Court takes judicial notice of these post-mediation actions by the City Council and the Mayor. See Defendant's Response in Opposition to Plaintiff's Motion to Enforce Settlement (d/e 24), Exhibit C, City Council Meeting Minutes dated June 5, 2008; Id., Exhibit D, Mayor's Veto dated June 5, 2008; see also Fed. R. Evid. 201.

3

enforceable. Id. But a settlement agreement can be considered a contract only where there was clearly an offer and acceptance of the compromise and a meeting of the minds regarding terms of the agreement. Kalman v. Bertacchi, 373 N.E.2d 550, 547 (Ill.App. 1st Dist. 1978).

Here, Defendants never formally accepted the settlement; thus, no contract existed. For a municipality to enter into a contract, its city council must enact an ordinance approving the agreement. 65 ILCS 5/3.1-40-40. The City of Carlinville operates under the mayor-council form of government, which provides the mayor with the right to veto all ordinances and all resolutions and motions providing for the expenditure or appropriation of city money. See Carlinville City Code § 1-2-1; 65 ILCS 5/3.1-40-45. The enactment process is not complete until the mayor signs an ordinance or the City Council overrides his veto. See Al-Salam Mosque Foundation v. City of Palos Heights, 2001 WL 204772, at *5 (N.D. Ill. March 1, 2001) ("The City Council is without authority to bind the City with an appropriation unless it overrides the Mayor's veto.").

Here, the City Council did not override the Mayor's veto, so the City Council never enacted a binding ordinance approving of the settlement agreement. This situation is nearly identical to that in Al-Salam Mosque

4

Foundation, in which another city council voted to extend a plaintiff an offer to buy the rights to purchase a church property in exchange for $200,000.00. Id. at *1. The plaintiff accepted the city council's purported offer, but pursuant to the Illinois Municipal Code, the mayor vetoed the $200,000.00 expenditure. Id. at *5. The court held that the mayor's veto voided the purported offer such that for contract purposes, "[t]here was no offer." Id. Just as in Al-Salam, the initial vote by the City Council here was not sufficient to bind Defendants.

For the same reason, Plaintiff's equitable estoppel argument fails. A non-binding oral commitment can form the basis for equitable estoppel. Trossman v. Philipsborn, 869 N.E.2d 1147, 1176 (Ill.App. 1st Dist. 2007). Yet, the doctrine of equitable estoppel can be applied against a municipality only after the municipality commits an affirmative act that induces another into substantial reliance. Nielsen-Massey Vanillas, Inc. v. City of Waukegan, 657 N.E.2d 1201, 1208 (Ill.App. 2d Dist. 1995). "However, the affirmative act which induces the plaintiff's reliance must be an act of the municipality itself, such as legislation, rather than the unauthorized acts of a ministerial officer." Id. ("[A]ssurances by city officials, including the mayor, cannot bind the municipality in the absence of approval by a

majority vote of the city council."). Here, the City of Carlinville did not commit an affirmative act such as enacting legislation; the City Council's failure to override the Mayor's veto prevented it from taking such action. Moreover, Plaintiff has provided no evidence of substantial reliance. Thus, no "compelling circumstances" justify invocation of the doctrine of equitable estoppel here. See id. It is unfortunate that the parties here were unable to settle this case, but the Court cannot find that Defendants entered into a binding settlement agreement.

THEREFORE, Plaintiff's Motion to Enforce Settlement (d/e 19) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: July 29, 2008

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE