**E-FILED**
Monday, 25 August, 2008  09:19:29 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious Corporation,

      Plaintiff,

v.

                                                Hon. Jeanne E. Scott
                                                Magistrate Judge Charles H. Evans
                                                Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

**PROTECTIVE ORDER**

The Court finds that good cause exists for issuance of this Protective Order ("Order") to establish a procedure for use and disclosure of Confidential Information and to govern the inadvertent production of Privileged Information, as those terms are defined in this Order, and that entry of this Order is appropriate.

        **THEREFORE, IT IS HEREBY ORDERED:**

Certain materials, information, Documents (as defined in paragraph 1 below) or testimony ("Discovery Information") produced or given by the parties or any third party to this litigation in the course of pre-trial discovery or used or produced at trial in this action will involve disclosure of confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information"). Moreover, despite reasonable precautions taken by the parties or any third party to this litigation, Confidential Information or Documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall govern disclosure and use of all Discovery Information containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1.      As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties or any third party, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions.

2.      Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" Documents and the content thereof: (a) Documents, depositions or testimony, responses to written discovery, and any other information produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other Documents made or prepared from Confidential Information; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3.      This Order covers Documents and information designated by the disclosing party or third party (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may designate any Document or a portion of any Document as subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential." Such designation shall be limited to Documents or information that the Source in

good faith believes to constitute a trade secret, proprietary business information, private personnel information or data or any information that implicates or may implicate the privacy rights of the Source or a third party.  A Source may not designate any Document or information as "Confidential" if it is otherwise publicly available, unless the Document or information is in the public domain as a result of a violation of any duty, law or agreement.

4.    In designating information, Documents or portions thereof as "Confidential," the Source shall mark every page or significant component that contains Confidential Information with the appropriate "Confidential" stamp.  Notwithstanding the foregoing sentence, a letter or e-mail may be used to designate as "Confidential" certain Documents or information, such as computer data, where stamping would be impractical or impossible. In addition, a deposition transcript and exhibits may be designated as "Confidential" on the record during the deposition, which will serve to designate the entirety of the deposition and exhibits.  Such designation shall remain in effect unless and until another party asks the Source in writing for a more limited designation.  Upon such a written request, the Source shall designate transcripts of deposition or other testimony by reference to the page and lines being designated within twenty (20) business days of the request. Designation shall be made at the time such Documents or information are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations may be made within twenty (20) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period in this Order may be agreed to in writing among counsel for the respective parties.  Designations may be withdrawn by the Source at any time.

5.    Unless otherwise ordered by the Court, any Document or information designated by any Source as containing Confidential Information shall be safeguarded and shall not be disclosed except, subject to the terms of this Order, to:

    a.    the named Plaintiff(s), Carlinville Southern Baptist Church, including but not limited to their counsel, including paralegals, clerical or other support staff or services and

any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

        b.        the named Defendants, City of Carlinville, Illinois and the City of Carlinville Planning/Zoning Commission, including but not limited to their counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

        c.        any court reporter (including audio and video) involved in this action;

        d.        independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached hereto as Exhibit 1, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

        e.        copying imaging, computer services or litigation support services, provided that all Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

        f.        the staff of persons designated in paragraphs 6(d), (e) and (f), subject to any conditions enumerated therein;

        g.        any deposition witness, in accordance with paragraph 8; and

        h.        any other Person upon written consent from the Source, provided that such person signs the Undertaking in the form attached hereto as Exhibit 1, acknowledging that he or she has ready a copy of this Order and agrees to be bound by its terms.

        6.        Nothing in this Order shall prevent any party from producing any Document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties, including the Source, at

least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of any Documents or information designated as Confidential.

7.      Nothing in this order shall prevent any party or third party from using its own Confidential Information in any manner it sees fit or from using any Documents or information lawfully obtained outside of this litigation in any lawful manner, regardless of whether a Source has designated it as "Confidential Information."

8.      Subject to the terms of this Order, any party may utilize Confidential Information in Documents in the course of a deposition if, from the face of the Document, it is apparent that the witness has already seen it or if the questioning party has a good faith basis for believing that the witness has already seen it.  If it becomes apparent during the course of questioning that the witness has not seen the Document, then it shall immediately be withdrawn from the witness and the witness shall not be allowed to retain copies of either the Confidential Information or any portions of his or her deposition transcript containing Confidential Information.

9.      The parties agree to take reasonable precautions to prevent disclosure of Confidential Information without the "Confidential" designation provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions.  If Documents containing Confidential Information are inadvertently or mistakenly disclosed without the "Confidential" designation, then the parties agree that the Source may request the return of such Documents within fifteen (15) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or information as Confidential Information consistent with the provisions of this Order.  If the receiving party fails to return such Documents or information, then the Source may move the Court for an Order compelling their return.

10.      If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, then arrangements shall be made (a) to bind separately said exhibits, as well as

confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

11.    Nothing in this Order shall prevent:

a.    any party from using Documents designated as "Confidential," or from referring to or reciting any information contained in such Documents, in connection with any hearing, motion, brief, or other proceeding in this action, provided the relevant portions of the pleadings are redacted. Any Confidential Information shall be filed separately with the Court, and shall not be available for public inspection.  The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with the words "Confidential" stamped on the envelope and the following statement shall be printed on the envelope: "This envelope contains Confidential Information which is subject to a Protective Order and may not be examined or copied except in compliance with that Order"; and

b.    the use in open court, at any hearing or at trial of this case, of any Document that is subject to this Order or filed pursuant to the provisions herein.  Any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in camera.  Any party desiring that hearings or any portion thereof be held in camera, or that the trial or any portion thereof be conducted in camera, may make a separate motion.

12.    Nothing herein shall prevent a receiving party from challenging any designation of a Document as "Confidential."  The receiving party may file written notice to the Source requesting withdrawal of the designation.  The Source who designated the Document shall have fifteen (15) business days from the date on which the request was made to respond.  If the Source refuses to withdraw the designation or fails to respond to the request within that time, then the receiving party may apply to the Court for an order declaring that the Document is not appropriately designated.  The burden of proof on any such application shall be consistent with the protection of Confidential Information under applicable federal or state law.  Notwithstanding a challenge or application to the Court pursuant to this Paragraph 11, all Documents designated as

"Confidential" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential."

13.     Within ninety (90) days after the final determination of this action (*i.e.*, after all appellate rights have been exhausted), all Documents designated as containing Confidential Information and all copies thereof shall, upon request, be returned to counsel for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading.

14.     The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information.  Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, then the parties agree that the following procedure shall govern:

a.     The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

b.     If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall promptly advise the Source of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 14, the Parties agree that all requests for, and the return of, inadvertently or mistakenly disclosed Documents shall be reasonably prompt if issued within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure.  If the receiving party fails to return such Documents, then the Source may move the Court for an Order compelling their return.  Notwithstanding a motion to the Court, all

Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be treated as "Confidential" subject to this Order until the Source withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

15.    This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

16.    This Order shall survive the termination of this litigation.  The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order with all appropriate actions or Orders.

Dated this ___ day of  August, 2008.

_____
Magistrate or Judge

Approved as to Form:

/s/ Daniel P. Dalton
Daniel P. Dalton
Attorney for Plaintiff

/s/ Eli Rosenblum
Eli Rosenblum
Attorney for Defendant

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                        Hon. Jeanne E. Scott
                                        Magistrate Judge Charles H. Evans
                                        Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

| | |
|---|---|
| **Tomkiw Dalton, plc** | **O'Halloran Kosoff Geitner & Cook, LLC** |
| Daniel P. Dalton (P 44056) | Elisha S. Rosenblum |
| Attorney for Plaintiff, *lead counsel* | Attorney for Defendant |
| 321 Williams Street | 650 Dundee Road, Suite 475 |
| Royal Oak, MI 48067 | Northbrook, Illinois 60062 |
| (248) 591-7000 | Telephone: (847) 291-0200 |
| (248) 591-7790 (Fax) | Facsimile: (847) 291-9230 |
| ddalton@tomkiwdalton.com | esrosenblum@okgc.com |
| | |
| **Giffin, Winning, Cohen & Bodewes, P.C.** | |
| David A. Herman (6211060) | |
| David O. Edwards (6229192) | |
| Co-Counsel for Plaintiff | |
| One West Old State Capitol Plaza | |
| Suite 600 | |
| Springfield, Illinois    62701 | |
| (217) 525-1571 (office) | |
| (217) 525-1710 (fax) | |
| dherman@giffinwinning.com | |
| davidoedwards@giffinwinning.com | |

---

**UNDERTAKING OF _____**

      I, _____, declare as follows:

      1.    My address is _____.

2.      My present employer and the address of my present employer (if different from above) are _____.

3.      I have received a copy of the Protective Order in the above-captioned action.

4.      Having carefully read and understood the provisions of the Protective Order, I agree to be bound by its terms.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Documents designated as "Confidential," as set forth in the Protective Order, which are disclosed to me.  I will maintain any such information in a safe and secure place.

6.      I will return all Documents designated as "Confidential" which come into my possession and Documents or things I have prepared relating thereto, to counsel of the party that provided such Documents to me.  I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Protective Order.

7.      I agree to submit to the jurisdiction of a court located in the state of Illinois, for purposes of enforcement of this Undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ____ day of _____, 2008.

_____
Signature

_____
Print Name

_____
Witness