E-FILED
Wednesday, 27 August, 2008 04:23:43 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

    Hon. Jeanne E. Scott
    Magistrate Judge Charles H. Evans
    Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

---

### PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW COMES Plaintiff, CARLINVILLE SOUTHERN BAPTIST CHURCH, and respectfully moves the Court, pursuant to Fed. R. Civ. P. 26(c), to enter the attached, proposed Protective Order, for the reasons stated herein:

1. On July 23, 2008, Plaintiff sent a subpoena to Candace Blair, Realty Transaction Manager for Wal-Mart Building Development, requesting any and all documents, drafts, letters, recordings, and e-mails with respect to this transaction or any communication had with anyone from the City of Carlinville or Carlinville Southern Baptist Church concerning the property at 1030 W. Main Street, Carlinville, Illinois. (**Ex. 1**)

2. On August 6, 2008, General Counsel for Wal-Mart Stores, Inc. sent a letter objecting to the subpoena, however, stated that Wal-Mart will produce documents

responsive to the subpoena if Plaintiff enters a protective order regarding any documents disclosed. (**Ex. 2**)

3. Thereafter, Plaintiff's counsel contacted Wal-Mart's General Counsel by telephone, and agreed to draft and sign a protective order and to request to have it entered by the Court. General Counsel for Wal-Mart was sent a copy of the Proposed Protective Order and did not object to it.

4. Plaintiff and Plaintiff's counsel accordingly certify that the parties and their counsel have conferred in good faith with each other on this matter, and that the entry of the Proposed Protective Order is appropriate. FRCP 26(c).

5. Therefore, Plaintiff respectfully moves this Court to enter the attached Proposed Protective Order (**Ex. 3**), as it was requested and agreed to by General Counsel for Wal-Mart, and its entry will allow Candace Blair to comply with the subpoena.

## CONCLUSION

For all of the foregoing reasons, Plaintiff, CARLINVILLE SOUTHERN BAPTIST CHURCH, asks this Honorable Court to enter the attached Proposed Protective Order.

DATED this 19th day of August, 2008.

**Respectfully Submitted,**
**Carlinville Southern Baptist Church, Plaintiff**

By: /s/Daniel P. Dalton
One of its Attorneys

Lead Counsel
Daniel P. Dalton
**TOMKIW DALTON, plc**
Attorney for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000

ddalton@tomkiwdalton.com

Local Counsel
David A. Herman (6211060)
David O. Edwards (6229192)
GIFFIN, WINNING, COHEN & BODEWES P.C.
Attorneys for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

## PROOF OF SERVICE

I, the undersigned, hereby certify that on August 19, 2008, I filed this Plaintiff's Motion for Entry of Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendants: Elisha S Rosenblum, Clifford G Kosoff, and Jane M May of the law firm, O'Halloran, Kosoff, Geitner & Cook, P.C. 650 Dundee Road Northbrook, IL 60062

By: /s/Daniel P. Dalton
Attorney for Plaintiff
321 Williams Street
Royal Oak, MI 48067
Tel: (248) 591-7000
Respectfully Submitted,



*Tomkiw Dalton, plc*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000 • Fax: (248) 591-7790
www.tomkiwdalton.com

July 23, 2008

Candace Blair, Realty Transaction Manager  
Wal-Mart Building Development  
Dept. 9283  
Wal-Mart Realty  
2001 SE 10th Street  
Bentonville AR 72716-0550  

Travis Rogers, Real Estate Manager  
Wal-Mart Building Development  
Dept. 9283  
Wal-Mart Realty  
2001 SE 10th Street  
Bentonville AR 72716-0550  

Re: **Carlinville Southern Baptist Church**

Dear Ms. Blair and Mr. Rogers:

Kindly be advised that I represent Carlinville Southern Baptist Church in an ongoing litigation involving the City of Carlinville. My client purchased your former location at 1030 West Main Street, Carlinville, Illinois.

At your earliest convenience, please send me any and all documents, drafts, letters, recordings, and e-mails with respect to this transaction or any communication you have had with anyone from the City of Carlinville or Carlinville Southern Baptist Church concerning 1030 West Main Street, Carlinville Illinois. Please remit these documents to me within the next two weeks. If you have any questions concerning the enclosed Subpoena requesting documents, or objections to the same, kindly notify me at the above address and phone number.

Thanking you in advance for your courtesy and cooperation, I remain,

Very truly yours,

TOMKIW DALTON, plc

Daniel P. Dalton

DPD/dap

Enclosure

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
Central District of Illinois

CARLINVILLE SOUTHERN BAPTIST CHURCH

V.

CITY OF CARLINVILLE, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:08-CV-3074

TO: Candace Blair, Realty Transaction Manager
Wal-Mart Building Development, Dept. 9283
Wal-Mart Realty
2001 SE 10th Street, Bentonville, AR 72716-0550

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all records relating to the purchase of 1030 West Main Street, Carlinville, Illinois including, but not limited to communications with the City of Carlinville and Carlinville Southern Baptist Church.

| PLACE | DATE AND TIME |
|---|---|
| Tomkiw Dalton, plc<br>321 Williams Street, Royal Oak, MI 48067 | 8/5/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 7/23/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel P. Dalton    321 Williams St.
(248) 591-7000    Royal Oak, MI 48067

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/23/2008 | Wal-Mart Realty, Dept. 9283<br>2001 SE 10th Street, Bentonville, AR 72716-0550 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Candace Blair, Realty Transaction Manager | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel P. Dalton | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     8/23/2008
                 DATE

SIGNATURE OF SERVER

321 Williams Street
ADDRESS OF SERVER

Royal Oak, Michigan 48067

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



# Legal

Marlin D. Maxwell, Assistant General Counsel
Marlin.Maxwell@walmartlegal.com

702 SW 8th Street (MS 0215)
Bentonville, AR 72716-0215
Direct 479.204.6469
Fax 479.277.5991
www.walmart.com

August 6, 2008

**VIA FAX NO. (248) 591-7790 AND**
**FIRST-CLASS MAIL**

Daniel P. Dalton, Esq.
Tomkiw Dalton, PLC
321 Williams Street
Royal Oak, MI 48067

RE:  Carlinville Southern Baptist Church v. City of Carlinville
United States District Court, Central District of Illinois
Case No.: 3:08-CV-3074

Dear Mr. Dalton:

This letter is in objection to the subpoena you mailed to Candace Blair that was received on or about August 1, 2008.

Pursuant to the Federal Rules of Civil Procedure, Ms. Blair objects to the production of the documents requested in the subpoena. Ms. Blair objects to the subpoena to the extent that it is overly broad, unduly burdensome, vague and ambiguous, lacks sufficient particularity and is not reasonably limited in time, scope, or subject. Ms. Blair objects to the subpoena to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Blair objects to the subpoena to the extent that it seeks information or documents covered by the attorney-client communication privilege, the attorney work-product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. Ms. Blair objects to the subpoena to the extent that it seeks confidential, proprietary, trade secret or commercially sensitive information and documents. Ms. Blair objects to the extent that your subpoena imposes requirements upon Wal-Mart that are different than those that the Federal Rules of Civil Procedure require. In addition, Ms. Blair objects to the service of your subpoena, as service by mail does not comply with the Federal Rules of Civil Procedure. Finally, Ms. Blair objects to the subpoenas to the extent that the information sought is more readily available, with less expense and burden, from the parties to the litigation.

Moreover, Ms. Blair objects to the subpoena because the subpoena, which was sent to her personally, seeks documents that are in the possession of her employer, Wal-Mart Stores, Inc. Subject to and without waiving these objections, Wal-Mart will produce documents responsive to the subpoena pursuant to the terms of the stipulated protected order entered in this case, once a copy of that order has been received by counsel.

Please do not hesitate to contact me with any questions.

Sincerely,

Marlin D. Maxwell
Assistant General Counsel – Litigation Support Group
Wal-Mart Stores, Inc.
3418414

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

Hon. Jeanne E. Scott
Magistrate Judge Charles H. Evans
Case No. 3:08-cv-3074

| **Tomkiw Dalton, plc** | **O'Halloran Kosoff Geitner & Cook, LLC** |
|---|---|
| Daniel P. Dalton (P 44056) | Elisha S. Rosenblum |
| Attorney for Plaintiff, *lead counsel* | Attorney for Defendant |
| 321 Williams Street | 650 Dundee Road, Suite 475 |
| Royal Oak, MI 48067 | Northbrook, Illinois 60062 |
| (248) 591-7000 | Telephone: (847) 291-0200 |
| (248) 591-7790 (Fax) | Facsimile: (847) 291-9230 |
| ddalton@tomkiwdalton.com | esrosenblum@okgc.com |

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

**PROPOSED PROTECTIVE ORDER**

    The Court finds that good cause exists for issuance of this Protective Order

("Order") to establish a procedure for use and disclosure of Confidential Information and

to govern the inadvertent production of Privileged Information, as those terms are defined in this Order, and that entry of this Order is appropriate.

**THEREFORE, IT IS HEREBY ORDERED:**

Certain materials, information, Documents (as defined in paragraph 1 below) or testimony ("Discovery Information") produced or given by the parties or any third party to this litigation in the course of pre-trial discovery or used or produced at trial in this action will involve disclosure of confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information"). Moreover, despite reasonable precautions taken by the parties or any third party to this litigation, Confidential Information or Documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall govern disclosure and use of all Discovery Information containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1. As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties or any third party, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions.

2. Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" Documents and the content thereof: (a) Documents, depositions or testimony, responses to written discovery, and any other information produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other Documents

made or prepared from Confidential Information; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3. This Order covers Documents and information designated by the disclosing party or third party (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may designate any Document or a portion of any Document as subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential." Such designation shall be limited to Documents or information that the Source in good faith believes to constitute a trade secret, proprietary business information, private personnel information or data or any information that implicates or may implicate the privacy rights of the Source or a third party. A Source may not designate any Document or information as "Confidential" if it is otherwise publicly available, unless the Document or information is in the public domain as a result of a violation of any duty, law or agreement.

4. In designating information, Documents or portions thereof as "Confidential," the Source shall mark every page or significant component that contains Confidential Information with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a letter or e-mail may be used to designate as "Confidential" certain Documents or information, such as computer data, where stamping would be impractical or impossible. In addition, a deposition transcript and exhibits may be designated as "Confidential" on the record during the deposition, which will serve to designate the entirety of the deposition and exhibits. Such designation shall remain in effect unless and until another party asks the Source in writing for a more limited designation. Upon such a written request, the Source shall designate transcripts of deposition or other testimony by reference to the page and lines being designated within twenty (20) business days of

the request. Designation shall be made at the time such Documents or information are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations may be made within twenty (20) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period in this Order may be agreed to in writing among counsel for the respective parties, and (c) this does not apply to the United States District Court's reporter. Designations may be withdrawn by the Source at any time.

     5. Unless otherwise ordered by the Court, any Document or information designated by any Source as containing Confidential Information shall be safeguarded and shall not be disclosed except, subject to the terms of this Order, to:

     a.    the named Plaintiff(s), Carlinville Southern Baptist Church, including but not limited to their counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

     b.    the named Defendants, City of Carlinville, Illinois and the City of Carlinville Planning/Zoning Commission, including but not limited to their counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation;

     c.    any independent court reporter (including audio and video), excluding this Court's reporter, involved in this action;

     d.    independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or

consultant signs the Undertaking attached hereto as <u>Exhibit 1</u>, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

  e. copying imaging, computer services or litigation support services, provided that all Confidential Information, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

  f. the staff of persons designated in paragraphs 6(c), (d) and (e), subject to any conditions enumerated therein;

  g. any deposition witness, in accordance with paragraph 8; and

  h. any other Person upon written consent from the Source, provided that such person signs the Undertaking in the form attached hereto as <u>Exhibit 1</u>, acknowledging that he or she has ready a copy of this Order and agrees to be bound by its terms.

  6. Nothing in this Order shall prevent any party from producing any Document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties, including the Source, at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of any Documents or information designated as Confidential.

  7. Nothing in this order shall prevent any party or third party from using its own Confidential Information in any manner it sees fit or from using any Documents or information lawfully obtained outside of this litigation in any lawful manner, regardless of whether a Source has designated it as "Confidential Information."

8. Subject to the terms of this Order, any party may utilize Confidential Information in Documents in the course of a deposition if, from the face of the Document, it is apparent that the witness has already seen it or if the questioning party has a good faith basis for believing that the witness has already seen it. If it becomes apparent during the course of questioning that the witness has not seen the Document, then it shall immediately be withdrawn from the witness and the witness shall not be allowed to retain copies of either the Confidential Information or any portions of his or her deposition transcript containing Confidential Information.

9. The parties agree to take reasonable precautions to prevent disclosure of Confidential Information without the "Confidential" designation provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions. If Documents containing Confidential Information are inadvertently or mistakenly disclosed without the "Confidential" designation, then the parties agree that the Source may request the return of such Documents within fifteen (15) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or information as Confidential Information consistent with the provisions of this Order. If the receiving party fails to return such Documents or information, then the Source may move the Court for an Order compelling their return.

10. If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, then arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

11. Nothing in this Order shall prevent:

    a.    any party from using Documents designated as "Confidential," or from referring to or reciting any information contained in such Documents, in connection with any hearing, motion, brief, or other proceeding in this action, provided the relevant portions of the pleading are redacted. Any Confidential Information filed separately with the Court shall be available for public inspection unless ordered by the Court. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with the words "Confidential" stamped on the envelope and the following statement shall be printed on the envelope: "This envelope contains Confidential Information which is subject to a Protective Order and may not be examined or copied except in compliance with that Order"; and

    b.    the use in open court, at any hearing or at trial of this case, of any Document that is subject to this Order or filed under seal pursuant to the provisions herein. Any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in camera. Any party desiring that hearings or any portion thereof be held in camera, or that the trial or any portion thereof be conducted in camera, may make a separate motion.

12. Nothing herein shall prevent a receiving party from challenging any designation of a Document as "Confidential." The receiving party may file written notice to the Source requesting withdrawal of the designation. The Source who designated the Document shall have fifteen (15) business days from the date on which the request was made to respond. If the Source refuses to withdraw the designation or fails to respond to the request within that time, then the receiving party may apply to the Court for an order declaring that the Document is not appropriately designated. The burden of proof on any

such application shall be consistent with the protection of Confidential Information under applicable federal or state law. Notwithstanding a challenge or application to the Court pursuant to this Paragraph 11, all Documents designated as "Confidential" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential."

13. Within ninety (90) days after the final determination of this action (*i.e.*, after all appellate rights have been exhausted), all Documents [excluding those possessed by the Court] designated as containing Confidential Information and all copies thereof shall, upon request, be returned to counsel for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading.

14. The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information. Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, then the parties agree that the following procedure shall govern:

    a.    The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

    b.    If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party

shall promptly advise the Source of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 14, the Parties agree that all requests for, and the return of, inadvertently or mistakenly disclosed Documents shall be reasonably prompt if issued within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure. If the receiving party fails to return such Documents, then the Source may move the Court for an Order compelling their return. Notwithstanding a motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be treated as "Confidential" subject to this Order until the Source withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

15. This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

16. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order with all appropriate actions or Orders.

17. With regard to sealed documents, the parties are directed to this Court's website, www.ilcd.uscourts.gov electronic case filings administrative procedures governing electronic filings.

18. This Order is not to be construed or understood to limit or restrict the Court from making any ruling or orders regarding sealed, confidential or other matters as deemed appropriate as set forth in this protective order.

Dated this ___ day of August, 2008.

                                                                                                 _____
                                                                                                  Magistrate Charles Evans

Approved as to form:

/s/ Daniel P. Dalton
Daniel P. Dalton
Attorney for Plaintiff

/s/ Eli Rosenblum
Eli Rosenblum
Attorney for Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

    Plaintiff,

v.

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

    Defendant.

Hon. Jeanne E. Scott
Magistrate Judge Charles H. Evans
Case No. 3:08-cv-3074

| | |
|---|---|
| **Tomkiw Dalton, plc**<br>Daniel P. Dalton (P 44056)<br>Attorney for Plaintiff, *lead counsel*<br>321 Williams Street<br>Royal Oak, MI 48067<br>(248) 591-7000<br>(248) 591-7790 (Fax)<br>ddalton@tomkiwdalton.com | **O'Halloran Kosoff Geitner & Cook, LLC**<br>Elisha S. Rosenblum<br>Attorney for Defendant<br>650 Dundee Road, Suite 475<br>Northbrook, Illinois 60062<br>Telephone: (847) 291-0200<br>Facsimile: (847) 291-9230<br>esrosenblum@okgc.com |
| **Giffin, Winning, Cohen & Bodewes, P.C.**<br>David A. Herman (6211060)<br>David O. Edwards (6229192)<br>Co-Counsel for Plaintiff<br>One West Old State Capitol Plaza<br>Suite 600<br>Springfield, Illinois   62701<br>(217) 525-1571 (office)<br>(217) 525-1710 (fax)<br>dherman@giffinwinning.com<br>davidoedwards@giffinwinning.com | |

## UNDERTAKING OF _____

    I, _____, declare as follows:

    1.    My address is _____.

    2.    My present employer and the address of my present employer (if different from above) are _____.

3. I have received a copy of the Protective Order in the above-captioned action.

4. Having carefully read and understood the provisions of the Protective Order, I agree to be bound by its terms.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Documents designated as "Confidential," as set forth in the Protective Order, which are disclosed to me. I will maintain any such information in a safe and secure place.

6. I will return all Documents designated as "Confidential" which come into my possession and Documents or things I have prepared relating thereto, to counsel of the party that provided such Documents to me. I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Protective Order.

7. I agree to submit to the jurisdiction of a court located in the state of Illinois, for purposes of enforcement of this Undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of _____, 2008.

_____
Signature

_____
Print Name

_____
Witness