**E-FILED**
Thursday, 04 September, 2008  03:14:15 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                    Hon. Jeanne E. Scott
                                    Magistrate Judge Charles H. Evans
                                    Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Lead Counsel for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Local Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

---

## PLAINTIFF'S *EMERGENCY MOTION*
## TO COMPEL DISCOVERY, REQUEST FOR SANCTIOSN
## OR IN THE ALTERNATIVE CONTEMPT

      NOW COMES Plaintiff, CARLINVILLE SOUTHERN BAPTIST CHURCH, by and

through its attorneys, *Tomkiw Dalton, plc,* and moves this Court through this ***Emergency Motion***

*under Local Rule 37.3 (B)* to enter an Order compelling Defendants to respond to Plaintiff's discovery requests, provide witnesses to show up for depositions pursuant to Fed. R. Civ. P. 37(d), sanction Defendants for their failure to engage in meaningful discovery pursuant to Fed. R. Civ. Pro. 26(g) or in the alternative, enter an Order of contempt for failing to follow this Court's scheduling Order and provide discovery and affirmatively stop depositions. **Plaintiff is further asking this Court to hold an emergency motion hearing via telephone as soon as possible based upon depositions scheduled to begin in 4 days.** In support of this Motion, Plaintiff states as follows:

1. On July 1, 2008, Plaintiff's counsel mailed "Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions Directed to Defendants" to Counsel for Defendants. *Exhibit 1*

2. Responses or objections to said requests from the City were due within thirty (30) days from July 1, 2008, therefore they were due on July 31, 2008. FRCP 33(b)(2) and 34(b)(2)(A).

3. On July 3, 2008, Plaintiff received Defendants' denials to all request for admissions..

4. Defendant filed late answers to the remainder of discovery  Answers were provided to Plaintiff on August 15, 2008. *Exhibit 2*

5. Fed. R. Civ. Pro. 33(b)(2) requires that both answers and objections to interrogatories must be made by the party upon whom the interrogatories are served within thirty (30) days after services.

6. Fed. R. Civ. Pro. 34(b)(2)(A) requires that the party upon whom a request for production is served must serve a written response within thirty (30) days of service of the request.

7. Unless all grounds for objections are specifically stated in a timely response, the objections are waived. Waiver also applies to untimely objections to requests for production. Fed. R. Civ. P. 33(b)(4); *see also Autotech Technologies Ltd. Partnership v. Automation direct. Com, Inc*., 236 F.R.D. 396, 398 (N.D. Ill. 2006) (noting that although Rule 34(b) does not includes an automatic waiver provision where there has been an untimely objection, courts are uniform in their interpretation of the rules as permitting a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay).

8. Plaintiff has not received any meaningful responses to Plaintiff's First Set of Interrogatories *Exhibits 3* or Request for Production of Documents *Exhibit 4*. In fact, Defendants have not provided *any* documents in response to discovery.

9. Defendants promised the documents on July 7, 2008, *Exhibit 5,* and again on August 15, 2008 to provide them on August 26, 2008. *Exhibit 6*. None have been provide.

10. Defendants were to provide Rule 26 disclosures on or before August 15, 2008. Plaintiff has done so and Defendant has refused and disclosed nothing. *Exhibit 7*

11. Plaintiff and Defendants have on several occasions agreed to schedule deposition, only to have them cancel at Defendants insistence. A set of scheduled depositions are set to begin on Monday in Carlinville, Illinois. *Exhibit 8* However, later yesterday, September 4, 2008, Defendants have advised Plaintiff that the he will not be producing any witnesses for depositions. *Exhibit 9.*

12. Plaintiff has subpoenaed a witness for oral deposition and to provide documents. *Exhibit 10.* Defendants have instructed the witness, who is not represented by Defendants, to

provide Plaintiff no documents. The witness has communicated to Plaintiff's counsel that she would not respond to the subpoena based on Defendants instructions to her.

13. The position taken by the Defendants is consistent with its attitude concerning responding to request for documents through the Freedom of Information Act ("FOIA"). ***Exhibit 11***.

14. This case is accelerated for discovery and trial.  The Court has entered an Order providing that discovery will end on October 15, 2008.

15. Defendants actions of not proving any discovery, of delaying discovery, obstructing discovery and basically acting in bad faith is consistent with the process of this case. This is the case where the City / Mayor requested mediation at the outset of the case after stipulating to a restraining Order, appeared at two separate mediations, agreed to a settlement consistent with the agreed upon mediations then after the City Council approved the settlement, the Mayor vetoed the settlement. Several more attempts to resolve this case has been scuttled by the Defendants.

16. It is absolutely imperative that deposition begin at a minimum on Monday September 8, 2008  as Defendant's stated plan is to use discovery as a method to drive the Church and its pastor into insolvency.

17. Counsel for Plaintiff certifies that he communicated with Defendants' counsel on several occasions in the months of July, August and September in a good-faith attempt to secure the information set forth herein, and Defendants has not responded.

18. Based on the fact that discovery ends in six weeks, leaving trial just a few months away, and given egregious conduct of Defendants, Plaintiff is left with no other option then filing this Motion seeking to compel answers to interrogatories, providing documents, and sanctions against Defendants under Fed. R. Civ. Pro. 26(g) and 37(d).

19. Pursuant to 18 USC § 401(3), this Court has the power to punish by fine or an imprisonment for disobedience or resistance to its lawful writ, process, order, rule or decree, or command.

20. Federal Courts have held that "[c]ontempts are neither wholly civil nor all together criminal. And it may not always be easy to classify a particular act as belonging to either one of these two classes." *Bessette v. W.B. Conkey Co*., 194 U.S. 324 (1904). If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. *Gompers v. Buck's Stove & Range Co*., 221 U.S. 418 (1911). Thus, Courts have found that a single pattern of contumacious conduct can constitute both civil and criminal contempt and, in that event, both civil and criminal sanctions are proper and the civil and criminal aspects may be determined in the same proceeding. Willfulness or contumaciousness is not an essential element in civil contempt. *Telling v. Bellows-Claude Neon Co.,* 77 F.2d 584 (6th Cir. 1935).

21. The actions, words and deeds of the Defendants clearly reveal bad faith and a willful violation of the basis of this Court's scheduling as they have no plan to act in good faith regarding discovery.

22. Criminal contempt is a crime in the ordinary sense as violation of law or public wrong which is punishable by fine or imprisonment or both. *Bloom v. State of Illinois*, 391 U.S. 194 (1968). To warrant the imposition of criminal contempt sanctions, a party must willfully violate a specific, clear, and unequivocal court order. *Downey v. Clauder*, 30 F.3d 681 (6th Cir. 1994). Willfulness, for this purpose, implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *U.S. v.*

*Strickland*, 899 F.2d 15 (Table), 1990 WL 33712, Unpublished Disposition (6th Cir.

1990)

WHEREFORE, through this Motion, Plaintiff is seeking an Order that:

- Compel Defendants to immediately provide full complete, non-evasive answers to interrogatories and documents in response to Plaintiff's First Set of Request for Admissions, Interrogatories and First Request for Production of Documents;

- Require Defendants to produce at the Court's conference room all the deponents with all of the requested records, and pay the cost and fees associated with the deposition, the prior deposition and records for copying;

- Strikes any raised by defenses by Defendants and preclude Defendants from calling any witnesses at trial and set this matter for trial on the issues of damages;

- Order that Plaintiff be permitted a full and complete inspection of Defendants computer system (including internal and external network email system) by a certified forensic electronic data recovery specialist as requested at Plaintiff's Request to Produce Documents at the cost of Defendants;

- Require that Defendants produce a privilege log consistent with FRCP 26(b)(5) relative to any document, communication or thing identified during discovery with respect to which Defendants claim privilege;

- Mandate that Defendants pay costs in sanctions to Plaintiff's equivalent to the fees and cost expended by Plaintiff since June 1, 2008 wherein Defendants began their campaign of churning discovery and discovery abuse, as required under Fed. R. Civ. Pro. 37 (d), or any other appropriate sanctions be entered by the Court against the Defendants as the Court may deem necessary for Defendants blatant and intentional violation discovery and Fed. R. Civ. Pro.26.

Respectfully Submitted,

s/Daniel P. Dalton
**TOMKIW DALTON, plc**
By:  Daniel P. Dalton (P44056)
Attorney for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
ddalton@tomkiwdalton.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                    Hon. Jeanne E. Scott
                                    Magistrate Judge Charles H. Evans
                                    Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Lead Counsel for Plaintiff
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Local Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S *EMERGENCY MOTION* TO COMPEL DISCOVERY, SANCTION DEFENDANTS AND HOLD THEM IN CIVIL AND CRIMINAL CONTEMPT.

### Introduction

      This motion arises out of Defendants refusal to cooperate in discovery.  Defendants have

done everything in its power to make sure Plaintiffs receive **no** discovery in this case. They have

- Failed provide any Rule 26 disclosures

- Failed to provide meaningful answers to Request for Admissions

- Failed to provide meaningful answers to Interrogatories

- Failed to provide any documents in response to request to produce

- Interfered with a subpoenaed witness and instructed her not to provide documents

- On multiple occasions, scheduled then cancelled depositions. The most recent is a series of depositions to start on Monday

- Ignored Freedom of Information act request before the case was filed.

This is a textbook case of discovery abuse by Defendants. The borderline criminal purpose of Defendants is to drive the Church and its Pastor into insolvency, and force the Church to abandon its property and give it to the City. The reprehensible, unethical and indefensible conduct of the Defendants must end. The only way to do this is through a Court Order demanding *complete and unfiltered* disclosures, answers to interrogatories, documents, produce witnesses for depositions and sanctions.

The basis of this *emergency hearing* is timing. Discovery closes in six weeks and Defendants have ignored it. On Monday, a third set of scheduled depositions are set to begin and Defendants and as of Wednesday, September 4, 2008 informed Plaintiff that it will not produce its witnesses. Plaintiffs seek through this Motion a Court Order compelling Defendants to produce witnesses for deposition on Monday, *in the Court's offices as it is anticipated that Defendants will impede the depositions*, provide disclosures, answers to interrogatories and documents by 5:00 p.m. Friday September 5, 2008 to allow Plaintiffs time to review documents and prepare for depositions, other relief noted herein and impose significant monetary SANCTIONS against Defendants for their egregious conduct.

**Statement of Facts**

This case arises out of the City of Carlinville's intentional and deliberate effort to preclude Carlinville Southern Baptist Church from the City by using all means necessary from occupying its building for worship. The main reason behind this stubborn behavior boils down to money. The City does not want to give up the property to a tax-exempt Church when it could gain revenue from a commercial use. The City acknowledged the violation of the Church's civil rights once this lawsuit was filed. Thereafter, the City **stipulated** to an Order allowing the Church to occupy, use, and renovate the building. To date, the City has failed to provide any affirmative defense to the Complaint, failed to answer a preliminary injunction or partial Motion for Summary Judgment and cannot come up with a defense to this case. Rather, it begged for mediation, agreed to resolve it, and then vetoed the settlement.

Carlinville Southern Baptist Church ("the Church") is a congregation of Christians that is a member church of the Illinois Baptist State Association, affiliated with the Southern Baptist Convention, which appeals exclusively to the scriptures of the Holy Bible for its authority and means of governance. It is a religious body formed for the promotion of the message of the Christian gospel, instruction and righteous conduct, fellowship of its members and outreach to the community. The Church sincerely believes that the foregoing ministries are duties owed to God by Christians and by the Church corporately. In accordance with its beliefs, the Church regularly assembles on Sunday mornings and Wednesday evenings to worship publicly Almighty God. The Church conducts said religious services and activities in pursuit of its mission and responsibilities as a church. The Church finds 380 to 450 persons in regular attendance at its Sunday morning worship services. The Church currently holds its worship services and generally operates out of a building owned by the Church outside the city limits of the City of Carlinville.

Since 2000, the Church has experienced steady and substantial growth in membership and in participation in its ministries and programs such that continued operation of the Church and all of its programs at its existing site has become impracticable. To accommodate its growing membership and in furtherance of and to facilitate the foregoing purposes, on January 28, 2008 the Church purchased property located at 1030 West Main Street, Carlinville, Illinois. (the "Premises").  The Premises were formally home to a Wal-Mart retail store.  The Church desires and intends to occupy and use the Premises for the primary purpose of gathering corporately to engage in the public worship of God, including the public preaching of doctrines of the Christian faith.  The Church also intends to use the Premises for other activities that pertain to its primary purpose, including classes of bible instruction, fellowship gatherings, administrative functions, and various ministries of community outreach.

On September 13, 2005, the Church executed a contract for purchase of the Premises, with an indefinite closing date to be set at the discretion of Wal-Mart.  The Premises are currently zoned under the C-1 Neighborhood Commercial zoning designation, which does not allow for use as a church. The adjacent land uses are as follows: to the North is undeveloped agricultural land; to the East is a retail/office center, single family residential developments, a bank, and a trucking facility; to the South is a vacant restaurant, single family residential developments and the Carlinville High School, and to the West is an assisted living facility and undeveloped land.

On December 13, 2007, Pastor Tim Rhodus, the senior pastor and agent for the Church, applied to the City of Carlinville for re-zoning of the property from the C-1 commercial zoning designation to the R zoning designation to allow the use of the property for religious purposes. The City of Carlinville neither had an internal planning department nor an outside professional

consultant review the application to rezone the premises prior to the Carlinville Planning/Zoning Commission holding a public hearing and making an advisory report to the City Council on the rezoning application. The Carlinville Planning/Zoning Commission held a public hearing on January 16, 2008 and recommended denial of the rezoning.

At the time of the Church's application for rezoning, churches were not allowed as special uses under any zoning designation. *Prior* to January 16, 2008, the schedule of permitted zoning uses allowed for assembly uses similar to a Church in a C-1 zoning district, such as auditoriums, retail and service uses, day care centers, and eating and drinking places as of right. The zoning ordinance defines the term "Auditorium" as "A room, hall or *building made a part of a church*, theater, school, recreation building or other building assigned to the gathering of people."

In a letter dated January 4, 2008 to the City of Carlinville through the City Attorney, the Church notified the City of the incongruity of the uses permitted by the Zoning Ordinance and that the ordinance violated the Religious Land Use and Institutionalized Persons Act, 42 USC 2000cc. Instead of fixing the problem, the City of Carlinville *amended* its schedule of permitted uses, accessory uses and special uses, for the C-1 zoning designation by deleting "Auditoriums" as a permitted use under the C-1 designation. The definition of "Auditorium," however, remains the same.

The City now allows auditoriums, non commercial clubs and lodges as a special use under the C-1 zoning designation. (The City further provided in the amended "use" schedule that Churches are permitted with special use approval in the A, (agricultural) district. There is no available land within the City of Carlinville that is reasonably suitable for Carlinville Southern Baptist Church to build or use for religious purposes.

At a regularly scheduled meeting, the City Council voted unanimously to deny the application for rezoning. Carlinville Mayor, Robert Schwab indicated that the sole reason for the denial was to attempt to maintain potential tax revenues. Subsequent to the decision, the City has publicly said that the sole reason for denying the rezoning is the loss of potential tax revenues that would result from religious use of the property. The Mayor of the City of Carlinville further acknowledged in a television interview that the sole reason for the denial of the rezoning was the potential loss of real property tax and sales tax if the Premises was converted to a church. Then again, the Mayor of Carlinville confirmed that the reason for the City denying rezoning is the loss of tax revenue when he addressed the Carlinville Chamber of Commerce.

After denying the Church's rezoning request, the City of Carlinville, through its Mayor, demanded that the Church sell the Premises to the City. The Church refused to sell the property to the City. The Carlinville Zoning Administrator then informed Church representatives that the City cannot prevent the Church from remodeling and undertaking construction of the interior of the property. Under the current provisions of the Zoning Ordinance, certain uses, including office uses, daycare centers and eating and drinking establishments, such as banquet halls, are permitted uses under the C-1 zoning designation and, therefore, such uses of the Premises are proper. There exists no building code in the City of Carlinville, nor is there any requirement that a property owner obtain a building permit before making internal renovations to a building.

The Church filed the instant lawsuit on March 18, 2008, along with a Motion for a Temporary Restraining Order, or in the alternative, a Preliminary Injunction to preclude the City from interfering with the lawful uses of the building under the C-1 district. A decision on the Motion is pending. Nonetheless, acknowledging its error in violating the civil rights of the

Church, the City stipulated to an Order allowing the Church to enter, occupy and renovate the property provided that the use complies with the C-1 Neighborhood Commercial zoning designation. The permitted uses under the zoning designation include "retail and service uses, filling stations, day care centers, office uses, mini-warehouses, storage facilities, funeral homes, eating and drinking places, public utility buildings.  Special uses are "auditoriums, non-commercial clubs and lodges and multiple family residences. The Church moved for partial summary on Count IV and V of its complaint, (RLUIPA substantial burden and equal terms allegations) pursuant to Fed. R. Civ. Pro. 56 (c).  This Motion is now pending before the Court.

**Legal Argument**

**A.  Plaintiff is entitled to Discovery under the Federal Rules of Civil Procedure.**

In this case, the City of Carlinville has blatantly ignored discovery requests in violation of Fed R Civ Pro 26, 30, 33, 34, and 36 and the local rules. Discovery as sought by Carlinville Southern Baptist Church in this matter is consistent with Fed R Civ Pro 26(b), which provides the parties may obtain discovery regarding any matter not privileged that is relevant to their claim or defense of any party including the existence, description, custody, location of any books, documents or any tangible thing identified in the identity and location of persons having knowledge of any discoverable matter. When a party withholds information otherwise discoverable under these rules by setting forth an objection or claiming a privilege, the party resisting discovery bears the burden lack of relevancy or undue burden.  *Oleson v. Kmart Corp.*, 175 F.R.D 560, 565 (D.Kan.1997) ("The objecting party has the burden to substantiate its objections.").  The party must demonstrate to the court that the requested discovery does not come within the broad scope of relevance defined in FRCP 26(b)(1).  *St Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508 (N.D.Iowa 2000).

Carlinville Southern Baptist Church served its discovery requests upon the City of Carlinville several months ago. *Exhibit 1* Pursuant to FRCP 33, 34 and 36, responses to Carlinville Southern Baptist Church's Request for Admissions, Interrogatories and Request for Production of Documents were due in July, 2008. In its responses to Carlinville Southern Baptist Church's Request for Admissions, the City of Carlinville objected to several of the Request for Admissions, stating they were beyond the scope of Fed R Civ Pro 36; however, the City of Carlinville failed to explain, much less substantiate, how the request is outside the scope of the rule. Fed R Civ Pro 37(a)(3) treats evasive or incomplete answers, responses and disclosures as a failure to respond.  Accordingly, the City of Carlinville has failed to respond.

As noted above, the City of Carlinville has not properly responded to one of Carlinville Southern Baptist Church's Interrogatories or Request for Production of Documents, and has simply set forth the nebulous late filed general objection that the information sought is protected by attorney/client privilege. Pursuant to Fed R Civ Pro 26(b)(5), when a party withholds otherwise discoverable information on the basis of a privilege, the party shall describe the nature of the information, documents, communications or things not produced or disclosed in a manner that , without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.  See *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992)(stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be reasonably precise in stating the reasons for preserving their confidentiality); *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) (stating that general objections such as attorney-client privilege are disfavored).  These boilerplate objections claiming privilege are improper. *Miller*, 141 F.R.D. at 302.  Clearly, the information sought is discoverable and that it is Carlinville's intention to

provide Carlinville Southern Baptist Church with no discoverable information as the case proceeds.

Further, Fed R Civ Pro 34 specifically provides that the terms "documents" includes "dated compilations from which information can be obtained, translated, if necessary, by the respondent into reasonably usable form." Fed. R. Civ. P. 34(a) By the plain language of this rule, "during discovery, the producing party has an obligation to search available electronic systems for the information demanded." *McPeek v. Ashcroft*, Case 202 F.R.D. 31, 32 (D.D.C. 2001). Recent Federal decisions also have made clear that electronic data is just as discoverable as paper records and that this principal applies not only to online data, but also to data that exists only on back-up storage media such as tapes or discs. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (rejecting Defendants' argument that they had produced all responsive documents because they had not yet searched their backup tapes). (*Antioch Co. v. Scap Book Borders, Inc.*, 210 F.R.D. 645, 652 (D. Minn. 2002); *Rowe Entertainment, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D. N.Y. 2002); *Simon Property Group LP v. Mysimon, Inc.,* 194 F.R.D. 639, 640 (S.D. Ind. 2000)). Thus, Carlinville Southern Baptist Church is plainly entitled to the documents the City of Carlinville refuses to produce.

The real issue here is not whether the electronic documents at issue are discoverable, they clearly are, but rather who should bear the cost of production. There is a well established presumption that the responding party must bear the cost of complying with discovery requests *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003). Once Carlinville Southern Baptist Church's experts locate any relevant, responsive documents, the City certainly would have the right to review the documents to determine if they object to disclosure. Courts have consistently ruled that producing parties are responsible for the cost of such review. eg.

*Zubulak,* 217 F.R.D. at 280, 290 (S.D.N.Y. 2003) ("the responding party should always bear the cost of reviewing and producing electronic data once is has been converted to an accessible form"); *Murphy Oil USA, Inc. v. FluorDaniel, Inc.,* 2002 U.S. Dist. LEXIS 3196, 19-20 (E.D. La. Feb. 19, 2002) ("producing party must bear the cost of culling, pertinent email from the non-responsive email in identifying the privileged or confidential email"); *Rowe*, 205 F.R.D. 428-432 ("if any Defendant elects to conduct a full privilege review of its email prior to production it should do so at its own expense").  Thus, Defendants should bear the cost of production and the cost of any such review.

Fed R Civ Pro 26(b) also provides that, for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed R Civ Pro 37 provides that the discovering party being moved for an order compelling discovery. Pursuant to Fed R Civ Pro 37(a)(4)(A), if a Motion to Compel Discovery is granted, or if the Request for Discovery is provided after the Motion was filed, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the Motion or the Party or Attorney advised in such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the Motion, including Attorneys' fees, unless the Court finds that the Motion was filed without the movements firs making a good faith effort to obtain the disclosure or discovery without Court action or that the opposing parties non-disclosure response or objection was substantially justified or that other circumstances make an award of expenses unjust.

Further, 37(g) provides that if a party or a party's attorney fails to participate in good faith in the development of and submission of a discovery plan under Fed R Civ Pro 26(f), the court may require the party or the attorney to pay any other party the reasonable expenses including attorney's fees, caused by the failure. Carlinville Southern Baptist Church is again

entitled to reasonable expenses, including attorney's fees, for Defendants failure to put forth a good faith effort to submit a good faith discovery plan.

### B. Defendants should be held in Civil Contempt for violating this Court's discovery Order and Local Rules on Discovery

Additionally, Defendants' actions and behavior in violation of this Court's scheduling Order and the local rules constitutes contumacious conduct that must not go unpunished. Pursuant to 18 USC § 401:

> A court of the United States has the power to punish by fine or imprisonment, or both, at its discretion such contempt of its authority, and none other, as –
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule or decree, or command.

Power to punish for contempt is an inherent power of the federal courts and includes power to punish violations of their own orders. *NLRB v. Deena Artware, Inc*., 261 F.2d 503 (1958), certiorari granted 359 U.S. 983, reversed on other grounds 361 U.S. 398. The federal district court has authority to require obedience and punish contempt of its lawful orders and decrees. *First Sec. Nat. Bank & Trust Co. v U.S.* 382 U.S. 34 (1965). Power to punish for contempt is inherent in all courts, reaches both conduct before court and that beyond court's confines. *Chambers v. NASCO, Inc*., 501 US 32 (1991). The actions, words and deeds of the Defendants clearly reveal bad faith and a willful violation of the basis of this Court's discovery Order.

Defendants' actions contradict their representation and the basis for this Court's Order. Although it should not be surprised, as this pattern has existed throughout this litigation and this Court monetarily sanctioned Defendants for the games they have played. This most recent behavior is much worse.

Generally, the Federal Courts have held that "[c]ontempts are neither wholly civil nor all together criminal.  And it may not always be easy to classify a particular act as belonging to either one of these two classes."  *Bessette v. W.B. Conkey Co.*, 194 U.S. 324 (1904).  If it is for civil contempt the punishment is remedial, and for the benefit of the complainant.  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 (1911).  Thus, Courts have found that *a single pattern of contumacious conduct can constitute both civil and criminal contempt and, in that event, both civil and criminal sanctions are proper and the civil and criminal aspects may be determined in the same proceeding.*  Willfulness or contumaciousness is not an essential element in civil contempt.  *Telling v. Bellows-Claude Neon Co.,* 77 F.2d 584 (6th Cir. 1935).

Defendants violated this Court's Order failing to answer Carlinville Southern Baptist Church's request for discovery in good faith. Plaintiff has outlined above how Defendants' actions make evident that they had no intention of granting Carlinville Southern Baptist Church's request.  Thus, this Court should exercise its discretion and find Defendants in civil contempt.

### C.  Plaintiff's Motion for Other Appropriate Sanctions Necessitated by Defendants Blatant and Intentional Frustration of Discovery.

The City of Carlinville's complete and utter frustration of Carlinville Southern Baptist Church's discovery requests and violation of the Federal Rules of Civil Procedure should warrant sanctions as this Court may deem appropriate.

As noted above, the City has demonstrated a continuous pattern of delay and deception throughout this case by, among other things, delaying administrative hearings, failing to comply with FOIA requests, unilaterally cancelling Carlinville Southern Baptist Church's depositions, and precluding Carlinville Southern Baptist Church from viewing any discoverable information. Pursuant to FRCP 26(g), counsel and parties have an affirmative duty to conduct pretrial in a responsible manner.  Further, FRCP 26(g)(3) permits the Court to impose sanctions on the signer

of a discovery response when the signing of the response is incomplete, evasive or objectively unreasonable under the circumstances. *Poole v. Textron, Inc*., 192 F.R.D. 494, 498 (D.Md. 2000). See *Malautea v. Suzuki Motor Corp*., 987 F.2d 1536, 1545 (11th Cir.1993), aff'g *Malautea v. Suzuki Motor Corp*.,148 F.R.D. 362, 374 (S.D.Ga.1991) (upholding Rule 26(g) sanctions for a "pattern of conduct" manifesting improper purpose that consisted of meritless objection to discovery requests).

The Advisory Committee Notes to 1983 Amendments to FRCP 26 state that "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit of Rules 26-37." In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging imposition of sanctions." FED. R. CIV. P. 26(g), Advisory Committee Notes to the 1983 Amendments. Further, the Notes state that a signature certifies that a lawyer has made a reasonable effort to assure that all information and documents are available to her/her that are responsive to a discovery demand. *Id*. Lastly, Rule 26(g) states that the court ***shall*** impose the appropriate if a certification was made without substantial justification. *Id*. The nature of the possible sanctions is a matter of judicial discretion to be exercised in light of the particular circumstances. *Id*.

The standard for imposing Rule 26(g) sanctions is objective. The court tests the signer's certification under an objective standard of reasonableness, except that it may inquire into the signer's actual knowledge whether a discovery response or objection was interposed for an improper purpose. *Oregon RSA No. 6 v. Castle Rock Cellular*, 76 F.3d 1003, 1007 (9th Cir. 1996).

In this case, Carlinville has failed to provide any discovery and the objections noted in Defendants' responses are "obstructionist and frivolous." See *St Paul Reinsurance Company,*

13

*Ltd.,* 198 F.R.D. at 517 (holding that counsel's certification of the objections he asserted on behalf of the plaintiffs "plummet far below any objective standard of reasonableness and ordering plaintiff's counsel to write an article on why his objections were improper.").  Using the objective standard, it is evident that the City of Carlinville's responses and objections to Carlinville Southern Baptist Church's discovery requests demonstrate their obstructionist attitude towards discovery in this matter and further indicate that they were interposed for an improper purpose.  This attitude and pattern is further supported by Defendants failure to adhere to FOIA requests, unilaterally changing deposition locations, and failure to produce documents at a deposition that were properly noticed.

## CONCLUSION

Defendants have no right to determine how much or how little it will choose to comply with the rules of discovery; that determination has already been established by the Federal Rules of Civil Procedure. Based upon the reasons set forth herein, Plaintiff requests that the Court levy harsh, immediate and meaningful appropriate sanctions in light of Defendants abhorrent actions. Under Fed R Civ Pro 26 (d) and 37 (g) monetary sanction are mandatory.  Plaintiff further request that the Court order:

a.     Strikes Defendants defenses; preclude Defendants from calling any  witnesses at trial and set this matter for trial on the issues of damages;

b.     Sanctions Defendants for their blatant discovery abuses and require them to pay the cost and fees incurred by Plaintiffs since June 1, 2006 through their failure to cooperate with discovery, or alternatively;

c.     Compels Defendants to immediately provide full complete, non-invasive answers and documents in response to Plaintiff Carlinville Southern Baptist Church's First Set of Request for Admissions, Interrogatories and First Request for Production of Documents;

d.     Require Defendants to produce at its offices all the deponents with all of the requested records, and pay the cost and fees associated with the deposition, the prior deposition and records for copying;

e.    Order that Plaintiffs have a full and complete inspection of Defendants computer system (including internal and external network email system) by a certified forensic electronic data recovery specialist as requested at Plaintiff's Request to Produce Documents at the cost of Defendants;

f.    Require that Defendants produce a privilege log consistent with Fed R Civ Pro 26(b)(5) relative to any document, communication or thing identified during discovery with respect to which Defendants claim privilege;

g.    Mandate that Defendants pay costs in sanctions to Plaintiff's equivalent to the fees and cost expended by Plaintiff since June 1, 2006 wherein Defendants began their campaign of discovery abuse, as required under Fed. R. Civ. Pro. 37 (d), or any other appropriate sanctions be entered by the Court against the Defendants as the Court may deem necessary for Defendants blatant and intentional violation discovery and Fed R Civ Pro 26.

Respectfully submitted,
**TOMKIW DALTON, plc**

By: s/Daniel P. Dalton
    DANIEL P. DALTON (P 44056)
    Attorneys for Plaintiff
    321 Williams Street
    Royal Oak, MI  48067
    Tel. (248) 591-7000
    Fax. (248) 591-7790
    ddalton@tomkiwdalton.com

Dated: September 4, 2008

### *Concurrence Statement*

Pursuant to Local Rule 37.3(A), concurrence from counsel for Defendants was requested on through the months of June, July, August and September, 2008 and more particularly September 2, 3 and 4 2008, and concurrence in the relief requested herein was not given.

By:    /s/Daniel P. Dalton
        Attorney for Plaintiff

### *Proof of Service*

I, the undersigned, hereby certify that on September 4, 2008, I filed this Memorandum in Support of Plaintiff's Motion to Compel with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all of the attorney's of record for the attorneys to this cause of action.

By: /s/Daniel P. Dalton
    Attorney for Plaintiff

15

### *Certification of Compliance*

Pursuant to Local Rule 7.1(B)(4) the undersigned counsel hereby certifies that this motion and brief complies with the type-volume limitation found at Local Rule 7.1(B)(4)(b).  It contains 6227 words, and has been prepared in Microsoft Word 2003, using a proportionally spaced font, Times New Roman, and a 12-point font size.

By:  /s/ Daniel P. Dalton
Attorney for Plaintiff

**E-FILED**
Thursday, 04 September, 2008  03:15:20 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                       Hon. Jeanne E. Scott
                                       Magistrate Judge Charles H. Evans
                                       Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANT DATED JULY 1, 2008

Plaintiff, Carlinville Southern Baptist Church, submits the following First Set of Interrogatories, Request for Admissions, and Request for Production of Documents to be answered by Defendants in accordance with the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 33 and 34, Plaintiff submits the following Interrogatories, Request for Admissions, and Requests for Production of Documents for written response within thirty (30) days from the date of service of this request. Defendants are hereby requested to answer interrogatories, request for admissions, and produce the requested documents at the office of Tomkiw Dalton, plc 321 Williams St., Royal Oak, MI 48067.

## **DEFINITIONS**

1.      The term "the property" refers the subject property at 1030 West Main Street, Carlinville, Illinois.

2.      To "identify" or to "state the identity of" a document means to state with respect thereto:

(a)      The date of the document, and if it bears no date, the date when it was processed;

(b)      The name of the person who prepared it;

(c)      The name of the person who signed it or over whose name it was issued;

(d)      The name of each person to whom it was addressed or distributed;

(e)      The nature and substance of the document with sufficient particularity to enable it to be identified; and

(f)     The present location of it and the name and address of its custodian or custodians.

(g)     The Bates Number of the Document

3.     "Identify" when used with respect to an individual means to state the individual's full name, title, employer, job description, last known business and home address, and the name and address of the firm, agency or other entity for which the individual was working or acting during the period referenced in the interrogatory.

4.     "Identify" when used with respect to a corporation, partnership, proprietorship or other organization, including any federal, state, or local government entity, means to state (a) the name, address, and telephone number of the entity during the time referred to in the request; (b) the identity of any and all individuals with whom you dealt at the entity; (c) the current name, address and telephone number of the entity, its successors or assigns; and (d) all names and designations by which the organization or entity is or has been identified, including any division names, trade names and plant names.

5.     "Communication" or "communications" means and includes, but is not limited to, all discussions, conversations (personal, telephonic or by any other medium), inquiries, negotiations, meetings, understandings, notes, drafts, agreements, letters, telegrams, telex, facsimiles, electronic mail, advertisements or other forms of oral or written interchange, whether or not between persons in the same or different organizations.

6.     "Documents" means any writing, graphic matter or other tangible thing, whether printed, recorded, electronically stored, produced by any process, or written or

produced by hand, including but not limited to, statements, account statements, transfers, wire transfers, instructions, confirmations, invoices, letters, reports, other written communications, correspondence, telegrams, agreements, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, work papers, tape recordings, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, records, summaries of negotiations, contracts, invoices and receipts, including preliminary drafts or revisions or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel.

7.     As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and ability to obtain any document.

8.     "Person" or "persons" includes any individual, natural person, proprietorship, partnership, trust, and any organizations, including any association, joint venture or any private, public, or municipal corporation, and any federal, state or local governmental entity.

9.     "You" or "Your" means recipient, its predecessors and successors, officers, directors, employees, attorneys, accountants, investigators, contractors, consultants, experts, servants, agents and any person acting on its behalf.

10.    The terms "relate to" or "relating to" mean constituting, referring or pertaining to, directly or indirectly, mentioning, describing, having any connection,

association or concern with or any relevance, relation, pertinence, or applicability to or any implication for bearing on the subject matter

11.     The terms "describe in detail," "state," and/or "provide" mean that Defendant is requested to state with specificity each and every fact, ultimate fact, particular circumstance, incident, act, omission, detail, event and date, and to identify each and every document and person as herein defined relating thereto, or in any way whatsoever concerning the matters inquired of.

12.     As used herein, "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

13.     The term "Plaintiff" shall mean Plaintiff, Carlinville Southern Baptist Church.

14.     The term "Defendants" shall mean Defendants, the City of Carlinville, the City of Carlinville Planning/Zoning Commission, and all other persons acting or purporting to act on their behalf, including employees, agents, representatives, appointed officials and elected officials.

15.     The term "City" shall mean all Defendants.

16.     This is Plaintiff's First Set of Interrogatories and Request for Production of Documents directed to the Defendants.  Plaintiff expressly reserves the right to serve additional Interrogatories and Requests for Production of Documents upon the Defendants, at a later time and from time to time.

## <u>INSTRUCTIONS</u>

1.    With respect to any information or documents which are withheld on a claim of privilege, a statement shall be provided by your attorneys setting forth the following as to each such information or document:

      (a)    The name(s) of the sender(s) of the information or document;

      (b)    The name(s) of the author(s) of the information or document;

      (c)    The name(s) of the person(s) to whom copies were sent;

      (d)    The job title of every person named in a, b, and c above;

      (e)    The date of the information or document;

      (f)    The date on which the information or document was received by those having possession of the information or document;

      (g)    A brief description of the nature and subject matter of the information or document; and

      (h)    The statute, rule or decision which is claimed to give rise to the privilege.

2.    In answering these Interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by or in your possession, your agents and attorneys, or appearing in your records.

3.    If you cannot answer the following Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whether information or knowledge you have concerning the unanswered portion, detailing what you did in attempting to secure the unknown information, and identify the individual(s), corporation(s), or other institution or entity where Plaintiff would be able to most directly obtain such remaining information.

4.      As used herein, the singular shall always include the plural and the present tense shall always include the past tense and vice versa.

5.      These Interrogatories shall be deemed continuing so as to require supplemental response if you or your attorney obtain further information between the time of compliance and the time of trial.

## FIRST SET OF INTERROGATORIES

### Interrogatory No. 1

Please state the name, address, and title of each person answering these Interrogatories.

### Response


### Interrogatory No. 2

Identify each person whom you expect to call as a lay or expert witness at trial and for each person state the address and relevant contact information for that person, the subject matter about which the witness is expected to testify, the substance, facts and opinions to which the witness is expected to testify and the summary of the grounds for each fact or opinion by the witnesses.

### Response


### Interrogatory No. 3

Identify each person known or believed by you to have knowledge of any facts or other evidence that support or tend to support your defense to this case.  If you have considered potential witnesses, taken witness statements or discussed the case with any person or

persons, your answer should include an identification of all such witnesses, potential witnesses or persons with whom the case has been discussed.

**Response**


**Interrogatory No. 4**

Has the Defendants insurance carrier agreed to defend and indemnify the Defendants without any reservation of rights in this case?  If no, please state the reasons given for the lack of complete insurance coverage with respect to the claims made in this case effective on the date of the said occurrence, and if a declaratory action is pending, identify the case number and jurisdiction it is pending?  If the answer is "no," state if the case is being defended under a reservation of rights, or failure to defend basis.

**Response**


**Interrogatory No. 5**

Please provide all personal and professional e-mail addresses for all City of Carlinville employees, elected officials and consultants who have commented on it, or its property, or its predecessor owner.

**Response**


**Interrogatory No. 6**

Please state why the City considered the religious use of the Plaintiff's building during the rezoning of the property.

**Response**

## FIRST REQUEST FOR ADMISSIONS

### Request for Admission No. 1

Please admit that the Plaintiff's rights under all four provisions of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, ("RLUIPA") were violated by the Defendants.

### Response


### Request for Admission No. 2

Please admit that the City made an individualized assessment of Plaintiff's use of its land in violation of RLUIPA.

### Response


### Request for Admission No. 3

Please admit that the Plaintiff's religious exercises are substantially burdened by the Defendants' denial of rezoning.

### Response


### Request for Admission No. 4

Please admit that the Defendant's actions toward Plaintiff's property places Plaintiff's religious assembly uses on less than equal terms with non-religious assembly uses in violation of RLUIPA.

### Response

**Request for Admission No. 5**

Please admit that Defendants denial of rezoning was not the least restrictive means of serving any of its asserted interests.

**Response**


**Request for Admission No. 6**

Please admit that the Defendants' decision to deny Plaintiff's re-zoning of its property was based on loss of tax revenue.

**Response**


**Request for Admission No. 7**

Please admit that the Plaintiff's use of the property does not pose an imminent health, safety and welfare threat to the public.

**Response**


**Request for Admission No. 8**

Please admit that all changes to the City of Carlinville Zoning Ordinances since January 1, 2008 through the present date were in response to Plaintiff's application for rezoning of the subject property and the instant lawsuit.

**Response**

## INTERROGATORY

**Interrogatory 7.**  For every answer to the request for admission set forth herein that is answered with any answer other than admitted, please set forth a detailed explanation for the denial or qualified answer, identify all witnesses who will support the denial or qualified admission, and provide all documents you are relying on in making answering the admission.

**Response**


## REQUEST FOR PRODUCTION OF DOCUMENTS


**Request for Production No. 1**

For any answer to Interrogatories and answer to Request for Admission that was admitted, denied or qualified in any manner, please produce all documents supporting the Defendants' response of that request.

**Response**


**Request for Production No. 2**

Please identify and produce all "documents" in possession of the Defendants that relate to the Defendants' answers to any of the above Interrogatories or answer to the Complaint that is to be filed by Defendants.

**Response**

**Request for Production No. 3**

Please produce all documents from every City department with respect to reports, photographs, notes, emails, draft reports, and any other documents related to or generated with respect to Plaintiff's property, including but not limited to Plaintiff's owning and the prior ownership of the property.

**Response**

**Request for Production No. 4**

Please identify and produce each document, object or thing which you have provided to any lay or expert witness for any purpose that you may or may not use at trial for any purpose, including introduction as an exhibit, impeachment, refreshing recollection, demonstrative evidence and/or summary of evidence.

**Response**

**Request for Production No. 5**

Please produce all electronic or e-mail correspondence, in the possession of the City relating in any way to Plaintiff's use of 1030 West Main Street, Carlinville, Illinois and the predecessor owners' use of the same property. This request shall be inclusive of all non-privileged internal correspondence between any City employee, agent,

representative, elected official or appointed official and any other City employee, agent, representative, elected official or appointed official as well as any City employee, agent, representative, elected official or appointed official and any third party.  If there is privileged electronic correspondence, please provide a printout log pursuant to Fed. R. Civ. P.  Please treat this request as a request by Plaintiff to inspect the City's computer system by a certified trained forensic expert.  Please be advised that this request also encompasses a request for correspondence originating from personal computer systems or computer systems maintained outside the scope of agency of the City of Carlinville by any City employee, agent, representative, elected official or appointed official.

**<u>Response</u>**

**<u>Request for Production No. 6</u>**

Please produce all meeting minutes from the City of Carlinville City Council and the City of Carlinville Zoning Commission from January 1, 2004 through July 1, 2008.

**<u>Response</u>**

**<u>Request for Production No. 7</u>**

Please produce all documents that refer to the adoption of any zoning ordinances from January 1, 2000 through July 1, 2008.

**<u>Response</u>**

**Request for Production No. 8**

Please produce all documents that refer to the rezoning of property owned, occupied or used by any religious institution within the City of Carlinville from January 1, 2004 through July 1, 2008.

Respectfully Submitted,

**TOMKIW DALTON, plc**

_____
By: Daniel P. Dalton (P44056)
321 Williams St.
Royal Oak, MI 48067
Tel. 248-591-7000
Fax 248-591-7790
ddalton@tomkiwdalton.com

Date: July 1, 2008

14

Page 1 of 1
**E-FILED**
Thursday, 04 September, 2008  03:15:32 PM
Clerk, U.S. District Court, ILCD

**Daniel Dalton**

| | |
|---|---|
| **From:** | Eli Rosenblum [esrosenblum@okgc.com] |
| **Sent:** | Friday, August 15, 2008 12:58 PM |
| **To:** | Daniel Dalton |
| **Subject:** | AR-M550N_20080816_010135.pdf – Adobe Reader |
| **Attachments:** | AR-M550N_20080816_010135.pdf |

It looks like the fax to your office never went thru, and we failed to try again.  Sorry for the confusion.  I would really like to hold off on the documents to next Tuesday (8/26), if possible.

9/4/2008

**E-FILED**
Thursday, 04 September, 2008  03:16:35 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, | ) ) | |
| Plaintiff, | ) | Case No. 08-CV-3074 |
| v. | ) ) | |
| CITY OF CARLINVILLE, ILLINOIS, CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWERS TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**

Please state the name, address, and title of each person answering these Interrogatories.

**Response:**    Counsel for the Defendants is answering these interrogatories based upon information provided to him by the Defendants.

**Interrogatory No. 2**

Identify each person whom you expect to call as a lay or expert witness at trial and for each person state the address and relevant contact information for that person, the subject matter about which the witness is expected to testify, the substance, facts and opinions to which the witness is expected to testify and the summary of the grounds for each fact or opinion by the witnesses.

**Response:**    Defendants will make a formal disclosure pursuant to the discovery schedule set by the Court.   However, Defendants expect to call every member of the Carlinville City Council (including the Mayor), the Carlinville Planning & Zoning Commission, the Director of Public Works (Mary Beth Bellm), and the Carlinville Zoning Administrator, as witnesses at trial. Defendant explicitly reserves the right to amend, supplement, or modify this response at any time prior to or during trial.

**Interrogatory No. 3**

Identify each person known or believed by you to have knowledge of any facts or other evidence that support or tend to support your defense to this case.  If you have considered potential witnesses, taken witness statements or discussed the case with any person or

persons, your answer should include an identification of all such witnesses, potential witnesses or persons with whom the case has been discussed.

**Response:**    Members of the Carlinville City Council and the Carlinville Planning & Zoning Commission, the Carlinville Zoning Administrator, the Director of Public Works (Mary Beth Bellm) Pastor Tim Rhodus, and the members of the church's building committee. Defendant explicitly reserves the right to amend, supplement, or modify this response at any time prior to or during trial.

## Interrogatory No. 4

Has the Defendants insurance carrier agreed to defend and indemnify the Defendants without any reservation of rights in this case? If no, please state the reasons given for the lack of complete insurance coverage with respect to the claims made in this case effective on the date of the said occurrence, and if a declaratory action is pending, identify the case number and jurisdiction it is pending? If the answer is "no," state if the case is being defended under a reservation of rights, or failure to defend basis.

**Response:**    Objection, relevance. Without waiving said objection, no ROR has been issued to date.

## Interrogatory No. 5

Please provide all personal and professional e-mail addresses for all City of Carlinville employees, elected officials and consultants who have commented on it, or its property, or its predecessor owner.

**Response:**    Objection, relevance. Without waiving said objection, Defendants state that they will produce all non-privileged e-mail correspondence related to the issues in this case. Since the e-mail correspondence will be produced, there is no need for the requested e-mail addresses.

## Interrogatory No. 6

Please state why the City considered the religious use of the Plaintiff's building during the rezoning of the property.

**Response:**    The religious use of the building was not considered by the Defendants in denying Plaintiff's rezoning application. Only factors related to economic growth and economic development were considered.

## Interrogatory No. 7

For every answer to the request for admission set forth herein that is answered with any answer other than admitted, please set forth a detailed explanation for the denial or

qualified answer, identify all witnesses who will support the denial or qualified admission, and provide all documents you are relying on in making answering the admission.

**Response:**    Objection, this is an improper interrogatory. Without waiving said objection, Defendants state that the responses to Plaintiff's Request for Admissions speak for themselves.

**CITY OF CARLINVILLE**
**CITY OF CARLINVILLE PLANNING/ ZONING COMMISSION**

By:    s/Elisha S. Rosenblum  *ESR*
Elisha S. Rosenblum, #6225957
O'Halloran Kosoff Geitner & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-mail: esrosenblum@okgc.com

## CERTIFICATE OF SERVICE

I, the undersigned, on oath state that I served the foregoing **Defendants' Answers to Plaintiff's First Set of Interrogatories** to the following persons:

Daniel P. Dalton
Tomkiw Dalton, PLC
321 Williams Street
Royal Oak, MI 48067

David A. Herman
David O. Edwards
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capital Plaza, Suite 600
Springfield, Illinois 62701

via facsimile and by placing true and correct copies of the same in an envelope addressed as set forth above with sufficient postage affixed, and by placing said envelope in the U.S. mail at 650 Dundee Road in Northbrook, Illinois at or about the hour of 5:00 p.m. on July 30, 2008.

*ESR*

3

**E-FILED**
Thursday, 04 September, 2008  03:17:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| CARLINVILLE SOUTHERN BAPTIST CHURCH, )<br>Plaintiff, )<br>v. )<br>CITY OF CARLINVILLE, ILLINOIS, CITY OF CARLINVILLE PLANNING/ZONING COMMISSION, )<br>Defendants. ) | Case No. 08-CV-3074 |

CARLINVILLE SOUTHERN BAPTIST
CHURCH,
                    Plaintiff,                      Case No. 08-CV-3074

v.

CITY OF CARLINVILLE, ILLINOIS, CITY
OF CARLINVILLE PLANNING/ZONING
COMMISSION,
                    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1**

For any answer to Interrogatories and answer to Request for Admission that was admitted, denied or qualified in any manner, please produce all documents supporting the Defendants' response of that request.

**Response:**   Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced.

**Request for Production No. 2**

Please identify and produce all "documents" in possession of the Defendants that relate to the Defendants' answers to any of the above Interrogatories or answer to the Complaint that is to be filed by Defendants.

**Response:**   Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced.

**Request for Production No. 3**

Please produce all documents from every City department with respect to reports, photographs, notes, emails, draft reports, and any other documents related to or generated with respect to Plaintiff's property, including but not limited to Plaintiff's owning and the prior ownership of the property.

**Response:**    Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced.

### Request for Production No. 4

Please identify and produce each document, object or thing which you have provided to any lay or expert witness for any purpose that you may or may not use at trial for any purpose, including introduction as an exhibit, impeachment, refreshing recollection, demonstrative evidence and/or summary of evidence.

**Response:**    Objection, vague. Defendants do not understand this request. Defendants further state that all expert disclosure will be made in accordance with Rule 26(a)(2) pursuant to court order.

### Request for Production No. 5

Please produce all electronic or e-mail correspondence, in the possession of the City relating in any way to Plaintiff's use of 1030 West Main Street, Carlinville, Illinois and the predecessor owners' use of the same property. This request shall be inclusive of all non-privileged internal correspondence between any City employee, agent, representative, elected official or appointed official and any other City employee, agent, representative, elected official or appointed official as well as any City employee, agent, representative, elected official or appointed official and any third party. If there is privileged electronic correspondence, please provide a printout log pursuant to Fed. R. Civ. P. Please treat this request as a request by Plaintiff to inspect the City's computer system by a certified trained forensic expert. Please be advised that this request also encompasses a request for correspondence originating from personal computer systems or computer systems maintained outside the scope of agency of the City of Carlinville by any City employee, agent, representative, elected official or appointed official.

**Response:**    Defendants object to this request on the grounds of relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Defendants also object to any request by Plaintiff to have the City's computer system inspected on the grounds that Plaintiff has not provided any justification for such an inspection. Without waiving said objections, Defendants will produce all non-privileged e-mail correspondence related to this case.

### Request for Production No. 6

Please produce all meeting minutes from the City of Carlinville City Council and the City of Carlinville Zoning Commission from January 1, 2004 through July 1, 2008.

**Response:**    Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming

that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced. Defendants further state that to the extent these meeting minutes are still on tape and have never been transcribed, Defendants object to the originals of these tapes leaving the City's possession for any reason.

**Request for Production No. 7**

Please produce all documents that refer to the adoption of any zoning ordinances from January 1, 2000 through July 1, 2008.

**Response:** Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced.

**Request for Production No. 8**

Please produce all documents that refer to the rezoning of property owned, occupied or used by any religious institution within the City of Carlinville from January 1, 2004 through July 1, 2008.

**Response:** Objection, relevance, overbroad, overburdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, assuming that such documentation exists and is in the Defendants' possession, and it is not privileged, it will be produced.

> **CITY OF CARLINVILLE**
> **CITY OF CARLINVILLE PLANNING/**
> **ZONING COMMISSION**
>
> By:     s/Elisha S. Rosenblum
>         Elisha S. Rosenblum, #6225957
>         O'Halloran Kosoff Geitner & Cook, LLC.
>         650 Dundee Road, Suite 475
>         Northbrook, IL 60062
>         Telephone: (847) 291-0200
>         Facsimile: (847) 291-9230
>         E-mail:esrosenblum@okgc.com

3

## CERTIFICATE OF SERVICE

I, the undersigned, on oath state that I served the foregoing **Defendants' Response to Plaintiff's Request for Production of Documents** to the following persons:

Daniel P. Dalton                          David A. Herman
Tomkiw Dalton, PLC                        David O. Edwards
321 Williams Street                       Giffin, Winning, Cohen & Bodewes, P.C.
Royal Oak, MI 48067                       One West Old State Capital Plaza, Suite 600
                                          Springfield, Illinois 62701

via facsimile and by placing true and correct copies of the same in an envelope addressed as set forth above with sufficient postage affixed, and by placing said envelope in the U.S. mail at 650 Dundee Road in Northbrook, Illinois at or about the hour of 5:00 p.m. on July 30, 2008.

_ESR_

**Daniel Dalton**

| | |
|---|---|
| **From:** | Eli Rosenblum [esrosenblum@okgc.com] |
| **Sent:** | Monday, July 07, 2008 3:42 PM |
| **To:** | Daniel Dalton |
| **Subject:** | RE: Carlinville Southern Baptist Church v. City of Carlinville, Illinois et al |

we will produce the documents, assuming they exist and are in our possession. i do not believe that she needs to be deposed.

Elisha ("Eli") S. Rosenblum
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-Mail: esrosenblum@okgc.com

---

**From:** Daniel Dalton [mailto:DDalton@tomkiwdalton.com]
**Sent:** Tuesday, July 01, 2008 4:28 PM
**To:** esrosenblum@okgc.com
**Subject:** Carlinville Southern Baptist Church v. City of Carlinville, Illinois et al

Attached is the first set of discovery in word format. A hard copy will follow tomorrow.  In terms of dates below, are these dates you want to take the deps you noted previously, or are these dates that are open for me to use as well?  The first person intend to depose is the deputy city clerk – a records dep. Many of the items I asked for in the written discovery as the items I will be asking her to produce. If you prefer to go through her dep with having her produce copies of everything instead of answering the document request, I am ok with that as long as it is within the next 30 days.

Dan

**Daniel P. Dalton**

Tomkiw Dalton, plc
*Attorneys for Business*
321 Williams Street
Royal Oak, Michigan 48067
(o) 248.591.7000
(f) 248.591.7790
(c) 248.229.2329
ddalton@tomkiwdalton.com
www.tomkiwdalton.com

Notice from Tomkiw Dalton, plc

To comply with U.S. Treasury regulations, we advise you that any discussion of federal tax issues in this communication was not intended or written to be used, and cannot be used, by any person (i) for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended

9/4/2008

Page 1 of 1
**E-FILED**
Thursday, 04 September, 2008  03:17:54 PM
Clerk, U.S. District Court, ILCD

**Daniel Dalton**

| | |
|---|---|
| **From:** | Eli Rosenblum [esrosenblum@okgc.com] |
| **Sent:** | Friday, August 15, 2008 12:58 PM |
| **To:** | Daniel Dalton |
| **Subject:** | AR-M550N_20080816_010135.pdf - Adobe Reader |
| **Attachments:** | AR-M550N_20080816_010135.pdf |

It looks like the fax to your office never went thru, and we failed to try again.  Sorry for the confusion.  I would really like to hold off on the documents to next Tuesday (8/26), if possible.

**E-FILED**
Thursday, 04 September, 2008  03:18:18 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                               Hon. Jeanne E. Scott
                               Magistrate Judge Charles H. Evans
                               Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

*Plaintiff and Defendants Joint Proposed Rule 26 Discovery Plan*

Now Comes Plaintiff, *Carlinville Southern Baptist Church*, by and through its attorneys Tomkiw Dalton, plc and Defendants, *City of Carlinville and the Carlinville Zoning and Planning Commission,* by and thought its attorneys, O'Halloran Kosoff Geitner & Cook, LLC, and for their proposed Joint Discovery plan pursuant to fed. R. Civ. Pro. Rule 26 (f), 16 (b) 5, 16, (b)(6) and the Central District of Illinois, local rules, 26.2(3), 16.2 (E), state as follows:

1.      The Honorable Jeanne E. Scott entered a text scheduling order on June 26, 2008, which provides in part:

a.      The parties are to complete discovery by October 15, 2008.

b.      Defendants are ordered to respond to the pending summary judgment motion by October 30, 2008.

c.      Plaintiff is to reply by November 14, 2008.

d.      A hearing on Plaintiff's request for preliminary injunction and declaratory relief is set for January 27, 2009, at 9:00 a.m.

e.      A final pretrial conference is scheduled for March 23, 2009, at 10:00 a.m.

f.      Jury trial on April 7, 2009, at 9:00 a.m.

2.      As discovery is scheduled to end on October 15, 2008, the parties agree to the following dates.

a.      The parties shall make initial disclosures as required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure on or before August 15, 2008.

b.      The parties shall amend all pleadings on or before September 15, 2008.

c.      The parties shall join additional parties on or before September 15, 2008,

d.    The parties agree to disclose all lay and expert witnesses, on or before September 15, 2008.

e.    The parties shall complete discovery on or before October 15, 2008.

f.    Dispositive motions shall be filed no later than October 30, 2008.

3.    The parties agree that the June 26, 2008 Order entered by Judge Scott provides that discovery regarding damages may take place after the summary judgment litigation and after the hearing for preliminary injunction. Therefore, the parties reserve the right to conduct damages discovery, only, from February 1, 2009 through March 15, 2009.  The parties agree that expert reports regarding damages will be exchanged no later than February 28, 2009 and the expert's depositions will be taken no later than March 15, 2009.

4.    The parties agree that it will follow Fed. R. Civ. Pro. 34 (e) and its subparts with respect to the production of electronically stored information. For any information deemed privileged, the party claiming the privilege shall prepare a log describing the document and how the privilege asserted precludes production of the document.

Respectfully Submitted,                    Respectfully Submitted,

**Tomkiw Dalton, plc**                    **O'Halloran Kosoff Geitner & Cook, LLC**


_____        _____

By: Daniel P. Dalton (P44056)        By: Elisha S. Rosenblum (6225957)
Attorney for Plaintiff                     Attorney for Defendants
321 Williams St.                            650 Dundee Road, Suite 475
Royal Oak, MI 48067                     Northbrook, Illinois 60062
Tel. 248-591-7000                         Telephone: (847) 291-0200
Fax 248-591-7790                         Facsimile: (847) 291-9230
ddalton@tomkiwdalton.com           esrosenblum@okgc.com

Date: July 29, 2008

E-FILED
Thursday, 04 September, 2008  03:18:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                  Hon. Jeanne E. Scott
                                  Magistrate Judge Charles H. Evans
                                  Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois    62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## OF ELIZABETH TOON, CITY OF CARLINVILLE ZONING ADMINISTRATOR

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules. For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original. Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with her at the time of deposition all the following documents:*

2

1.  Any and all personal or professional records from the planning, zoning, building, economic development or assessing departments with respect to Carlinville Southern Baptist Church and its property located at 1030 West Main Street.

2.  Any and all records from any department with respect to the City of Carlinville zoning ordinances, amendments and maps from 2000 through the date of this deposition.

3.  Audio tapes, video tapes or any other electronically stored materials of any meeting wherein the City of Carlinville City Council discussed the Plaintiff's property located at 1030 West Main Street.

4.  Any and all documents within any City of Carlinville department re-zoning the prior owner of 1030 West Main Street including, but not limited to its attempt to purchase the property.

5.  Any and all economic development plans, tax increment plans, Brownfield development plans, Downtown Development plans of the City of Carlinville from 2000 through the date of this deposition.

6.  All planning, zoning and economic development files of all assembly uses and religious uses within the City of Carlinville.

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:        ELIZABETH TOON
                 Zoning Administrator, City of Carlinville

PLACE:           CARLINVILLE CITY HALL
                 550 North Broad
                 Carlinville, IL 62626
                 Telephone: 217-854-4076

DATE:            Tuesday, September 9, 2008

TIME:            9:00 a.m.

3

You are invited to attend and cross-examine the witness.

Respectfully submitted,
**TOMKIW DALTON, plc**

By:    DANIEL P. DALTON (P44056)
Attorney for the Plaintiff
321 Williams Street
Royal Oak, MI 48067
Tel. 248-591-7000
Fax 248-591-7790
ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:    Client
Bienenstock Court Reporting Services

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                            Hon. Jeanne E. Scott
                                            Magistrate Judge Charles H. Evans
                                            Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## NOTICE OF TAKING DEPOSITION DUCES TECUM OF
## MARY BETH BELLM, CITY OF CARLINVILLE DIRECTOR OF PUBLIC
## WORKS

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with her at the time of deposition all the following documents:*

1. Any and all records from any department, with respect to Carlinville Southern Baptist Church and its property located at 1030 West Main Street.

2. Any and all records from any department with respect to the City of Carlinville zoning ordinances, amendments and maps from 2000 through the date of this deposition.

3. Audio tapes, video tapes or any other electronically stored materials of any meeting wherein the City of Carlinville City Council discussed the Plaintiff's property located at 1030 West Main Street.

4. Any and all documents within any City of Carlinville department re-zoning the prior owner of 1030 West Main Street including, but not limited to its attempt to purchase the property.

5. Any and all economic development plans, tax increment plans, Brownfield development plans, Downtown Development plans of the City of Carlinville from 2000 through the date of this deposition.

6. Any and all e-mail addresses of all elected and appointed officials of the City of Carlinville who discussed, analyzed or voted on Plaintiff's proposed re-zoning of 1030 West Main Street.

7. All planning, zoning and economic development files of all assembly uses <u>and</u> religious uses within the City of Carlinville.

All documents requested above should be made available to Plaintiff to review,

mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:        MARY BETH BELLM
                 CITY OF CARLINVILLE DIRECTOR OF PUBLIC WORKS

PLACE:           CARLINVILLE CITY HALL
                 550 North Broad
                 Carlinville, IL 62626
                 Telephone: 217-854-4076

DATE:            Wedesday, September 10, 2008

TIME:            9:00 a.m.

3

You are invited to attend and cross-examine the witness.

Respectfully submitted,
**TOMKIW DALTON, plc**

By:    DANIEL P. DALTON (P44056)
       Attorney for the Plaintiff
       321 Williams Street
       Royal Oak, MI 48067
       Tel. 248-591-7000
       Fax 248-591-7790
       ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:    Client
       Bienenstock Court Reporting Services

4

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

     Plaintiff,

v.

                              Hon. Jeanne E. Scott
                              Magistrate Judge Charles H. Evans
                              Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

     Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## OF CITY OF CARLINVILLE ALDERMAN NORMAN SEMROCK

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with him at the time of deposition all the following documents:*

> 1.    Any and all records in your possession regarding Carlinville Southern Baptist Church, its property located at 1030 West Main Street, the denial of re-zoning and the attempt to purchase the property before the Plaintiff purchased it.

2

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:          NORMAN SEMROCK
                        City of Carlinville Alderman

PLACE:             CARLINVILLE CITY HALL
                        550 North Broad
                        Carlinville, IL 62626
                        Telephone: 217-854-4076

DATE:              Wednesday, September 11, 2008

TIME:              9:00 a.m.

You are invited to attend and cross-examine the witness.

                        Respectfully submitted,
                        **TOMKIW DALTON, plc**

                        By:   DANIEL P. DALTON (P44056)
                                  Attorney for the Plaintiff
                                  321 Williams Street
                                  Royal Oak, MI 48067
                                  Tel. 248-591-7000
                                  Fax 248-591-7790
                                  ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:      Client
          Bienenstock Court Reporting Services

3

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                Hon. Jeanne E. Scott
                                Magistrate Judge Charles H. Evans
                                Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## OF CITY OF CARLINVILLE ALDERMAN JOSEPH DIRESO,

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with him at the time of deposition all the following documents:*

1.    Any and all records in your possession regarding Carlinville Southern Baptist Church, its property located at 1030 West Main Street, the denial of re-zoning and the attempt to purchase the property before the Plaintiff purchased it.

2

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:          JOSEPH DIRESO
                   City of Carlinville Alderman

PLACE:             CARLINVILLE CITY HALL
                   550 North Broad
                   Carlinville, IL 62626
                   Telephone: 217-854-4076

DATE:              Thursday, September 11, 2008

TIME:              1:00 p.m.

You are invited to attend and cross-examine the witness.

Respectfully submitted,
**TOMKIW DALTON, plc**

By:    DANIEL P. DALTON (P44056)
       Attorney for the Plaintiff
       321 Williams Street
       Royal Oak, MI 48067
       Tel. 248-591-7000
       Fax 248-591-7790
       ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:    Client
       Bienenstock Court Reporting Services

3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                        Hon. Jeanne E. Scott
                                        Magistrate Judge Charles H. Evans
                                        Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

| | |
|---|---|
| **Tomkiw Dalton, plc** | **O'Halloran Kosoff Geitner & Cook, LLC** |
| Daniel P. Dalton (P 44056) | Elisha S. Rosenblum (6225957) |
| Attorney for Plaintiff, *lead counsel* | Attorney for Defendant |
| 321 Williams Street | 650 Dundee Road, Suite 475 |
| Royal Oak, MI 48067 | Northbrook, Illinois 60062 |
| (248) 591-7000 | Telephone: (847) 291-0200 |
| (248) 591-7790 (Fax) | Facsimile: (847) 291-9230 |
| ddalton@tomkiwdalton.com | esrosenblum@okgc.com |

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## OF CITY OF CARLINVILLE ALDERMAN DAVE STEINER

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with him at the time of deposition all the following documents:*

1.    Any and all records in your possession regarding Carlinville Southern Baptist Church, its property located at 1030 West Main Street, the denial of re-zoning and the attempt to purchase the property before the Plaintiff purchased it.

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:       DAVE STEINER
                City of Carlinville Alderman

PLACE:          CARLINVILLE CITY HALL
                550 North Broad
                Carlinville, IL 62626
                Telephone: 217-854-4076

DATE:           Friday, September 12, 2008

TIME:           9:00 a.m.

You are invited to attend and cross-examine the witness.

Respectfully submitted,
**TOMKIW DALTON, plc**

By:      DANIEL P. DALTON (P44056)
         Attorney for the Plaintiff
         321 Williams Street
         Royal Oak, MI 48067
         Tel. 248-591-7000
         Fax 248-591-7790
         ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:     Client
        Bienenstock Court Reporting Services

3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

                                     Hon. Jeanne E. Scott
                                     Magistrate Judge Charles H. Evans
                                     Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation, and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## SECOND RE-NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM
## OF ROBERT SCHWAB, CITY OF CARLINVILLE MAYOR

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with him at the time of deposition all the following documents:*

1.    Any and all records in your possession regarding Carlinville Southern Baptist Church, its property located at 1030 West Main Street, the denial of re-zoning and the attempt to purchase the property before the Plaintiff purchased it.

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:        ROBERT SCHWAB
                 Mayor, City of Carlinville

PLACE:           CARLINVILLE CITY HALL
                 550 North Broad
                 Carlinville, IL 62626
                 Telephone: 217-854-4076

DATE:            Friday, September 12, 2008

TIME:            1:00 p.m.

You are invited to attend and cross-examine the witness.

Respectfully submitted,
**TOMKIW DALTON, plc**


By:     DANIEL P. DALTON (P44056)
        Attorney for the Plaintiff
        321 Williams Street
        Royal Oak, MI 48067
        Tel. 248-591-7000
        Fax 248-591-7790
        ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:     Client
        Bienenstock Court Reporting Services

3

## Daniel Dalton

**From:**  Daniel Dalton
**Sent:**  Thursday, September 04, 2008 4:08 PM
**To:**  esrosenblum@okgc.com
**Subject:** RE: CSBC

I have provided no such personal attacks on you and I resent your inferring it. In fact, I have been nothing but accommodating to you and your clients the past several months even after your clients bait and switch. But for your *client* to use this case to drive the pastor and the church into insolvency is reprehensible and I resent it. They will be called on the carpet for this.

Once again, I have provided you documents. You have provided me nothing. I have sought your concurrence on several occasions to schedule depositions, requested full and complete answers to interrogatories, provide Rule 26 disclosures and provide documents and those request have been ignored presumably by the direction of your client. Before I file a motion to compel discovery, sanctions and request contempt today, I ask you again for full and complete answers to interrogatories, document request, Rule 26 disclosures, and produce all witnesses noticed aver a month ago and re-noticed two weeks ago for deposition. My patience has run out.

### Daniel P. Dalton

Tomkiw Dalton, plc
*Attorneys for Business*
321 Williams Street
Royal Oak, Michigan 48067
(o) 248.591.7000
(f) 248.591.7790
(c) 248.229.2329
ddalton@tomkiwdalton.com
www.tomkiwdalton.com

Notice from Tomkiw Dalton, plc

To comply with U.S. Treasury regulations, we advise you that any discussion of federal tax issues in this communication was not intended or written to be used, and cannot be used, by any person (i) for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

Please consider the environment before printing this e-mail message

**From:** esrosenblum@okgc.com [mailto:esrosenblum@okgc.com]
**Sent:** Wednesday, September 03, 2008 12:19 PM
**To:** Daniel Dalton
**Subject:** Re: CSBC

I will not respond to your personal attacks against me. All I have ever wanted to do was settle this case. I am not a part of anything. All I do is relay information to you. That the pastor cannot pay his mortgage is not the city's fault.

Until you tell me that the last set of changes to the agreement are approved, we cannot move forward.

Please let me know the deposition schedule, but I cannot produce anybody until you answer my discovery requests.

9/4/2008

E-FILED
Thursday, 04 September, 2008  03:20:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CARLINVILLE SOUTHERN BAPTIST
CHURCH, an Illinois Religious
Corporation,

      Plaintiff,

v.

      Hon. Jeanne E. Scott
      Magistrate Judge Charles H. Evans
      Case No. 3:08-cv-3074

CITY OF CARLINVILLE, ILLINOIS, a
municipal corporation,  and the CITY OF
CARLINVILLE PLANNING/ZONING
COMMISSION, a municipal body,

      Defendant.

---

**Tomkiw Dalton, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff, *lead counsel*
321 Williams Street
Royal Oak, MI 48067
(248) 591-7000
(248) 591-7790 (Fax)
ddalton@tomkiwdalton.com

**O'Halloran Kosoff Geitner & Cook, LLC**
Elisha S. Rosenblum (6225957)
Attorney for Defendant
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
esrosenblum@okgc.com

**Giffin, Winning, Cohen & Bodewes, P.C.**
David A. Herman (6211060)
David O. Edwards (6229192)
Co-Counsel for Plaintiff
One West Old State Capitol Plaza
Suite 600
Springfield, Illinois   62701
(217) 525-1571 (office)
(217) 525-1710 (fax)
dherman@giffinwinning.com
davidoedwards@giffinwinning.com

---

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## OF LEE HUDSON, SUBPOENAED WITNESS

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 26, 28, 30, 32, 34, and all other applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, the deposition of the under-described will be taken before a certified court reporter for the purposes of discovery and all other uses contemplated by said court rules.  For the purposes of this Notice of Taking Deposition Duces Tecum, the term "document" means all writings and other printed materials of every kind including but not limited to electronic messages ("emails"), books, records, statements, minutes, letters, memoranda, reports, lists, studies, agreements, printouts, telegrams, pamphlets, notes, diary and calendar entries, maps, charts, tabulations, press releases, test reports and records of meetings, conferences and telephone or other conversations or communications. The term "document" also includes non-printed matters such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilm, microfiche and other things that document or record ideas, words or impressions. The term "document" further includes tapes, discs or other recordings and further includes data in electronic or other form that can be printed out or reduced to readable or usable form through proper programming or decoding of the electronic or computer bank information. The term "document" also includes all copies of each document if the copies contain any additional writing or are not identical to the original.  Pursuant to Fed. R. Civ. P. 30(b), *the Deponent is requested to bring with her at the time of deposition all the following documents:*

    1.    Any and all records in your possession regarding Carlinville Southern Baptist Church, its property located at 1030 West Main Street, the denial of re-zoning and the attempt to purchase the property before the Plaintiff purchased it.

All documents requested above should be made available to Plaintiff to review, mark, and copy, pursuant to Fed. R. Civ. P. 30(b)(5) and Fed. R. Civ. P. 34(a).

DEPONENT:       LEE HUDSON
                537 Sumner Street
                Carlinville, IL 62626
                        -or-
                H & H Construction Services, Inc.
                201 McCausland
                Carlinville, IL 62626

PLACE:          H & H Construction Services, Inc.
                201 McCausland
                Carlinville, IL 62626
                (866) 854-3133

DATE:           Monday, September 8, 2008

TIME:           12:00 Noon

You are invited to attend and cross-examine the witness.

Respectfully submitted,
TOMKIW DALTON, plc

By:     DANIEL P. DALTON (P44056)
        Attorney for the Plaintiff
        321 Williams Street
        Royal Oak, MI 48067
        Tel. 248-591-7000
        Fax 248-591-7790
        ddalton@tomkiwdalton.com

Date: August 19, 2008

cc:     Client
        Bienenstock Court Reporting Services

3

**E-FILED**
Thursday, 04 September, 2008  03:20:22 PM
Clerk, U.S. District Court, ILCD





# TOMKIW DALTON

ATTORNEYS FOR BUSINESS

321 Williams Street
Royal Oak, MI 48067
(248) 591-7000 • Fax: (248) 591-7790
www.tomkiwdalton.com

August 15, 2008

Lee Hudson
537 Sumner Street
Carlinville, IL 62626

**Re:    Carlinville Southern Baptist Church**

Dear Ms. Hudson:

Kindly be advised that your deposition has been adjourned for the time being. If your deposition is deemed to be necessary, we will contact you for an available date. In the interim, please send me copies of documents that you have in response to the deposition notice and subpoena.

Thanking you in advance for your courtesy and cooperation, I remain,

Very truly yours,

**TOMKIW DALTON, plc**

Daniel P. Dalton

DPD/dap